ACCEPTED
15-25-00102-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/20/2025 6:06 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00102-CV

**IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT OF TEXAS
AT AUSTIN, TEXAS**

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/20/2025 6:06:36 PM
CHRISTOPHER A. PRINE
Clerk

**IN RE FORT BEND COUNTY,
Relator,**

**RELATING TO
TRIAL COURT CAUSE NO. 2024-78536
11TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS
THE HONORABLE KRISTEN B. HAWKINS, PRESIDING JUDGE**

**AMENDED PETITION FOR WRIT OF MANDAMUS**

Dean G. Pappas
Texas Bar No. 15454375
dpappas@dgplawfirm.com
Mary M. Markantonis
Texas Bar No. 12986800
mmarkantonis@dgplawfirm.com
Lisa M. Teachey
Texas Bar No. 24056416
lteachey@dgplawfirm.com
Marilyn G. Allen
Texas Bar No. 24025225
mallen@dgplawfirm.com
Dean G. Pappas Law Firm, PLLC
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: 713-914-6200
Telecopier: 713-914-6201

**COUNSEL FOR RELATOR
FORT BEND COUNTY**

i

## IDENTITY OF PARTIES AND COUNSEL

Relator:                      FORT BEND COUNTY

Trial and
Appellate Counsel:            Dean G. Pappas
                              Texas Bar No. 15454375
                              dpappas@dgplawfirm.com
                              Mary M. Markantonis
                              Texas Bar No. 12986800
                              mmarkantonis@dgplawfirm.com
                              Lisa M. Teachey
                              Texas Bar No. 24056416
                              lteachey@dgplawfirm.com
                              Marilyn J. Allen
                              State Bar No. 24025225
                              mallen@dgplawfirm.com
                              8588 Katy Freeway, Suite 100
                              Houston, Texas 77024
                              Telephone: 713-914-6200
                              Telecopier: 713-914-6201


Real Party in Interest:       Francesca Okonkwo, Administrative Law Judge,
                              in her official capacity

Trial and
Appellate Counsel:            Ken Paxton
                              Brent Webster
                              Ralph Molina
                              James Lloyd
                              Ernest C. Garcia
                              Sherlyn Harper
                              Texas Bar No. 24093176
                              sherlyn.harper@oag.texas.gov
                              Office of the Attorney General of Texas
                              808 Travis Street, Suite 1520
                              Houston, Texas 77002
                              Telephone: 713-225-8913
                              Telecopier: 512-320-0167

ii

James Z. Brazell
Texas Bar No. 02930100
James.Brazell@oag.texas.gov
Assistant Attorney General, Administrative Law Division
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548
Telephone: 512-475-3204

Real Party in Interest:    Joshua Heiliger, Individually and on Behalf of the Estate of Lauren Brittane Smith, Deceased, and on Behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger

Trial and
Appellate Counsel:    Russell L. Morris
Texas Bar No. 24099150
serv.russell@mf-txlaw.com
Pablo A. Franco
Texas Bar No. 24121625
Andrew W. Bruce
Texas Bar No. 24113627
McBryde Franco, PLLC
11000 Richmond Avenue, Suite 350
Houston, Texas 77042
Telephone: 713-223-7699
Telecopier: 512-691-9072

Real Party in Interest:    Greater Houston Psychiatric Associates, PLLC

Trial and
Appellate Counsel:    LaVerne Chang
Texas Bar No. 00783819
chang@cardwellchang.com
511 Lovett Blvd.
Houston, Texas 77006
Telephone: 713-222-6025
Telecopier: 713-222-0938

Respondent:          The Honorable Kristen B. Hawkins
                     11th Judicial District Court
                     Harris County, Texas
                     Harris County Civil Courthouse
                     201 Caroline, 9th Floor
                     Houston, Texas 77002
                     Telephone:  832-927-2600

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES & COUNSEL..................................................ii

TABLE OF CONTENTS.......................................................................v

INDEX OF AUTHORITIES..................................................................vi

STATEMENT REGARDING MANDAMUS RECORD.......................................viii

PARTY DESIGNATIONS BEFORE EACH TRIBUNAL.................................ix

STATEMENT OF CASE.......................................................................x

STATEMENT OF JURISDICTION..........................................................xi

STATEMENT OF ISSUE PRESENTED....................................................xii

> Does a district court have jurisdiction to hear a temporary restraining order, temporary injunction, permanent injunction to determine the validity of a subpoena issued by an administrative law judge during a contested case hearing before the Division of Workers' Compensation when no objection, motion to quash or protective order is sought to forestall the subpoena which would trigger the exclusive manner for the enforcement of a Division subpoena as mandated by the Texas Labor Code and Texas Government Code?

STATEMENT OF FACTS......................................................................1

SUMMARY OF ARGUMENT.................................................................8

ARGUMENT AND AUTHORITY............................................................10

PRAYER .....................................................................................27

CERTIFICATES OF COMPLIANCE........................................................29

CERTIFICATES OF SERVICE..............................................................30

APPENDIX ..................................................................................32

# INDEX OF AUTHORITIES

**Cases**

*American Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801 (Tex. 2001) .............................................. 18

*Berrelez v. Mesquite Logistics USA, Inc.,* 562 S.W.3d 69 (Tex. App.—San Antonio 2018, no pet.) .......................................................................................................................................... 19

*Electric Reliability Council of Texas, Inc. v. Panda Power Generation Infrastructure Fund, LLC,* 619 S.W.3d 628 (Tex. 2021)......................................................................................... 10

*Henry v. Dillard Dept. Stores, Inc.,* 70 S.W.3d 808 (Tex. 2002) ................................................. 20

*In re Crawford & Co.,* 458 S.W.3d 920 (Tex. 2015)..................................................................... 18

*In re Entergy Corp.,* 142 S.W.3d 316 (Tex. 2004) (orig. proceeding) ................................. passim

*In re Estate of Hutchins,* 391 S.W.3d 578 (Tex. App. Dallas 2012, orig. proceeding) ............... 11

*In re Garza,* 544 S.W.3d 836 (Tex. 2018)..................................................................................... 10

*In re GlobalSanteFe Corp.,* 275 S.W.3d 477 (Tex. 2008) (orig. proceeding)............................... 11

*In re H.E.B. Grocery Company, L.P.,* 492 S.W.3d 300 (Tex. 2016) (orig. proceeding)............... 11

*In re J.B. Hunt Transport, Inc.,* 492 S.W.3d 287 (Tex. 2016) (orig. proceeding)....................... 10

*In re Kappmeyer,* 668 S.W.3d 651 (Tex. 2023) (orig. proceeding).................................. 10, 11, 12

*In re Metro. Transit Auth.,* 334 S.W.3d 806 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding) ........................................................................................................................ 15, 16, 20

*In re Oncor Electric Delivery Co. LLC,* 694 S.W.3d 789 (Tex. App.—Houston [14th Dist.] April 2, 2024, orig. proceeding [mand. filed]) ................................................................................... 12

*In re Prentis,* 702 S.W. 3d 762 (Tex. App.—Houston [1st Dist.] 2024, no pet.)..................... 19, 20

*In re Prentis,* 702 S.W.3d 762 (Tex. App.—Houston [1st Dist.] 2024, no pet.) ..................... 15, 16

*In re Prudential Ins. Co. of America,* 148 S.W.3d 124 (Tex. 2004) (orig. proceeding)... 10, 11, 12

*In re Riley,* 339 S.W.3d 216 (Tex. App. Waco 2011, orig. proceeding) ....................................... 11

*In re Rogers,* 690 S.W.3d 296 (Tex. 2024) (orig. proceeding)...................................................... 10

*In re Spooner,* 333 S.W.3d 759 (Tex. App. Houston 1st Dist. 2010, orig. proceeding)............... 12

*In re State,* 355 S.W.3d 611 (Tex. 2011) (orig. proceeding) ....................................................... 11

*In re Tyler Asphalt & Gravel Co., Inc.,* 107 S.W.3d 832 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) ....................................................................................................................... 20

*In re United Services Auto. Ass'n,* 307 S.W.3d 299 (Tex. 2010) (orig. proceeding).................... 11

*In re Warrior Energy Services Corp.,* 599 S.W.3d 110 (Tex. App. Houston 14th Dist. 2020, orig. proceeding) ................................................................................................................................. 11

*Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922 (Tex. 1998)................................................. 17, 18

*Morales v. Liberty Mut. Ins. Co.,* 241 S.W.3d 514 (Tex. 2007)................................................... 20

*Producers Assistance Corp. v. Employers Ins. of Wausau,* 934 S.W.2d 796 (Tex. App.—Houston [1st Dist.] 1996, no writ)..................................................................................................... 18

*Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd. of San Antonio,* 53 S.W.3d 310 (Tex. 2001)... 21

*Liberty Mut. Ins. Co. v. Adcock,* 412 S.W. 3d 492 (Tex. 2013) ................................................... 21

*State Bar of Tex. v. Jefferson,* 942 S.W.2d 575 (Tex.1997) ........................................................ 13

*Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440 (Tex. 1993)........................... 17

**Statutes**

Texas Government Code § 2001.201 ......................................................................... 9, 23, 25, 26

Texas Government Code § 22.220(d)(1)(A)-(O)....................................................................... xi

Texas Government Code § 22.221 ........................................................................................... xi

vi

Texas Health & Safety Code § 611 ........................................................................ 15, 23, 24
Texas Labor Code § 402.001 ....................................................................................... 18
Texas Labor Code § 402.00114 ................................................................................... 18
Texas Labor Code § 408.001 ....................................................................................... 19
Texas Labor Code § 410.002 ....................................................................................... 16
Texas Labor Code § 410.003 ................................................................................. 16, 22
Texas Labor Code § 410.157 ................................................................................. 21, 22
Texas Labor Code § 410.158 ........................................................................... 16, 21, 22
Texas Labor Code § 410.162 ................................................................................. 21, 22
Texas Labor Code § 410.163 ................................................................................. 19, 20
Texas Labor Code § 410.165 ................................................................................. 16, 21
Texas Labor Code § 410.251 ....................................................................................... 16

## Rules

28 Tex. Admin. Code § 141.4 ...................................................................................... 22
28 Tex. Admin. Code § 142.1 ................................................................................. 16, 23
28 Tex. Admin. Code § 142.12 ............................................................................... 16, 22
28 Tex. Admin. Code § 142.13 ............................................................................... 16, 22
28 Tex. Admin. Code § 142.2 ................................................................................. 16, 22
Texas Rule of Evidence 510 ....................................................................................... 23
Texas Rules of Judicial Administration Rule 15.2 ....................................................... xi

## Constitutional Provisions

Texas Constitution Article V, Section 6 ....................................................................... xi

## STATEMENT REGARDING MANDAMUS RECORD

The Clerk's Record and the Reporter's Record for this Petition for Writ of Mandamus are the same as the those in the appeals under this Court of Appeals' Number 15-25-00061-CV.

References to the Clerk's Record are CR[page]. References to the confidential supplemental Clerk's Record hand delivered to the Court are SCR[page]. The items in the confidential supplemental Clerk's Record are not included in the Appendix to maintain the confidentiality of the documents.

References to the Reporter's Record are [volume]RR[page]:[line].

References to documents in the Appendix are Appendix [letter].

# PARTY DESIGNATIONS BEFORE EACH TRIBUNAL

| PARTY | DWC | TRIAL COURT | APPEAL | MANDAMUS |
|---|---|---|---|---|
| Heiliger | Claimant | Petitioner | Appellee | Real Party in Interest |
| Fort Bend | Self-Insured Gov't Entity | Real Party in Interest | Appellant No. 2 | Relator |
| ALJ Okonkwo | ALJ | Respondent | Appellant No. 1 | Real Party in Interest |
| GHPA Dr. Marcellus | Subpoena Target | Respondent | Real Party in Interest | Real Party in Interest |
| Judge Hawkins | ---- | Judge | ---- | Respondent |

## STATEMENT OF CASE

**Nature of Case:** Mr. Heiliger is seeking workers' compensation death benefits from Fort Bend County in an administrative contested case hearing pending before the Texas Department of Workers' Compensation. Mr. Heiliger's wife, Lauren Smith, was an EMT with Fort Bend County who died at home. At the contested case hearing, the Administrative Law Judge granted Fort Bend's request to subpoena records relevant to Mr. Heiliger's reliance on medical opinions that stress was a factor in the death. Mr. Heiliger petitioned a district court to prohibit the discovery at the administrative hearing. Fort Bend appeared as Real Party in Interest.

**Trial Court:** The 11th District Court of Harris County, Texas; The Honorable Kristen B. Hawkins, presiding.

**Trial Court Proceeding:** Mr. Heiliger filed in the district court a declaratory judgment, a writ of mandamus, and for injunctive relief. Administrative Law Judge Okonkwo, as Respondent in the District Court, filed a Plea to the Jurisdiction. Fort Bend County appeared as Real Party in Interest and filed a General Denial, Plea to the Jurisdiction and Motion to Dismiss.

**Respondent's Action:** The District Court granted a temporary injunction prohibiting disclosure of the records; set a trial on the merits; denied both pleas to the jurisdiction; and denied Fort Bend County's motion to dismiss.

## STATEMENT OF JURISDICTION

This Court has the power to grant the writ of mandamus sought in this petition under Article V, Section 6 of the Texas Constitution and Texas Government Code § 22.221 because this Court has exclusive intermediate appellate jurisdiction over matters arising out of or related to a civil case brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government and no exception exists under § 22.220(d)(1) (A) through (O). This Court accepted Relator's request to consolidate its appeal in this matter pursuant to Rule 15.2 of the Texas Rules of Judicial Administration; Relator's request for extraordinary relief stems from an order that arises from the same nucleus of operative facts, the same hearing and essentially the same rulings in the district court as the plea to the jurisdiction being appealed by Administrative Law Judge Okonkwo.

# STATEMENT OF ISSUE PRESENTED

Does a district court have jurisdiction to hear a temporary restraining order, temporary injunction, permanent injunction to determine the validity of a subpoena issued by an administrative law judge during a contested case hearing before the Division of Workers' Compensation when no objection, motion to quash or protective order is sought to forestall the subpoena which would trigger the exclusive manner for the enforcement of a Division subpoena as mandated by the Texas Labor Code and Texas Government Code?

## STATEMENT OF THE FACTS

Relator Fort Bend County[1] is seeking mandamus relief from an order denying its Plea to the Jurisdiction regarding a temporary injunction a Harris County District Court entered that prohibits the discovery of records in an administrative dispute resolution proceeding to determine death benefits in a workers' compensation contested case hearing. (CR611)

This workers' compensation dispute currently is pending before the Texas Department of Insurance – Division of Workers' Compensation (Division) in the administrative dispute resolution process as required by the Texas Workers' Compensation Act. (CR *et passim*) A Contested Case Hearing (CCH) is set for August 7, 2025, at the Division Houston East Field Office.[2] No final order in this matter has been issued by the Division.

The Division – the agency granted the exclusive right, in the first instance, to determine workers' compensation issues -- must decide whether Real Party in Interest Joshua Heiliger, individually as the surviving spouse of Lauren Brittane Smith and on behalf of their adopted child Emma Destiney Heiliger, is entitled to workers' compensation death benefits. (SCR 10) Lauren Smith was a paramedic

---

[1] Because of the multifarious designations of the parties in each level of this controversy, Relator will refer to each party by name. See Party Designations in Each Tribunal, p. ix.

[2] See Appendix D which is a sworn copy from the Relator's files of DWC Docket No. 24229142-01-CC-HE.

1

for Fort Bend County EMS. (SCR 19) Ms. Smith passed away at home on April 10, 2023. (*Id.*) The issue being disputed at the workers' compensation administrative level is whether Ms. Smith died in the course and scope of her employment. (SCR 10) Mr. Heiliger filed a death benefit claim on April 2, 2024, with the Division of Workers' Compensation. Fort Bend County EMS (Fort Bend County) is disputing compensability. (SCR 19)

During the Division contested case hearing process, Fort Bend County sought and was granted a subpoena for mental health records from Dr. John Marcellus, the doctor who was prescribing Ms. Smith ADHD medications. (CR277) Because Mr. Heiliger is relying on medical opinions that stress was a factor in Ms. Smith's death, Fort Bend County argued these records are relevant and material to determine if the doctor was incorporating knowledge about her underlying hypertension into her treatment regarding complaints of stress. (Appendix F)[3] Mr. Heiliger objected to the issuance of the subpoena. (Appendix G)[4] Those objections were overruled and on September 19, 2024, Division Administrative Law Judge Francesca Okonkwo, who presides over this workers' compensation dispute, ordered a subpoena issue for

---

[3] See Appendix F which is a sworn copy from the Relator's files of DWC Docket No. 24229142-01-CC-HE.

[4] See Appendix G which is a sworn copy from the Relator's files of DWC Docket No. 24229142-01-CC-HE.

Ms. Smith's mental health records spanning January 1, 2020 through April 10, 2023. (Appendix H)[5]

On November 12, 2024, Mr. Heiliger, wholly disregarding the statutory administrative process and unbeknownst to Fort Bend County, sought a temporary restraining order in a district court to bar compliance with the subpoena. (Appendix I)[6] The Contested Case Hearing at this juncture was set for November 15, 2024. (CR26 of 25-33) A hearing on the TRO took place November 13, 2024, with no notice to Fort Bend County, although Mr. Heiliger was able to notify the Texas Department of Insurance, who objected at the hearing. (CR20-24) Despite the objection, the District Court granted the TRO preventing the disclosure of the records yet requiring the Division to go forth with the November 15, 2024, Contested Case Hearing. (*Id.*) Fort Bend County was not notified until after the TRO had been granted on November 13, 2024. (CR25-33) On that same day Fort Bend County, as Real Party in Interest, filed an emergency motion to modify the TRO that was heard the next day, November 14, 2024, by the 157th District Court which granted a modification to the TRO allowing the Division to reset the CCH until the TRO could be resolved. (CR25-30, 48-50)

---

[5] See Appendix H which is a sworn copy from the Relator's files of DWC Docket No. 24229142-01-CC-HE.
[6] See Appendix I which is a sworn copy from the Relator's files of Cause No. 2024-78536.

On December 5, 2024, the 11ᵗʰ District Court began a hearing to determine whether compliance with Fort Bend County's subpoena should be temporarily enjoined. (3RR1-33) Fort Bend County as Real Party in Interest re-asserted, among other things, its Plea to the Jurisdiction. (CR83-108) During a break in that hearing, Mr. Heiliger and Fort Bend County entered into a Rule 11 Agreement that was filed with the District Court, and the District Court paused the temporary injunction proceeding. (3RR29:24 – 31:19)

Under the Rule 11 Agreement, Fort Bend County submitted a DWQ to Dr. John Marcellus on December 10, 2024. Mr. Heiliger responded on December 16, 2024, objecting to almost half of the questions. (4RR15:17 – 17:21) Fort Bend County attempted on numerous occasions to confer with Mr. Heiliger's counsel via telephone to no avail. (CR423 of 419 – 442) The Rule 11 Agreement contained a self-destruct clause setting a December 20, 2024, deadline for Fort Bend County and Mr. Heiliger to reach an agreement on the questions to be answered via the DWQ. (4RR15:17 – 17:21) No agreement was reached by that date, so Fort Bend County notified Mr. Heiliger that the self-destruction provisions of the Rule 11 had become effective and that Fort Bend County planned to pursue its legal remedies. (4RR16:5-8)

On December 27, 2024, Fort Bend County filed a motion at the Division seeking the procedurally correct Deposition Subpoena of Dr. Marcellus pursuant to

the Subpoena Rule for Contested Case Hearings before the Division of Workers' Compensation.[7] (CR295-310) Mr. Heiliger objected on December 30, 2024, arguing solely that the ALJ should not issue this subpoena because a TRO was pending on the September subpoena. (CR321-324)

On January 24, 2025, Fort Bend County submitted an amended request for a Deposition Subpoena, effectively replacing the December 27, 2024 motion. (CR 387-399) While Mr. Heiliger indicated he was opposed to the amended motion for the new Deposition Subpoena in a conference with Fort Bend County's counsel, Mr. Heiliger filed no objection. Administrative Law Judge Okonkwo granted Fort Bend County's Deposition Subpoena of Dr. Marcellus on January 27, 2025. (CR401-402, 5RR2, Appendix C)

Fort Bend County withdrew the original Subpoena dated September 19, 2024, and noticed Mr. Heiliger it would now serve the January 27, 2025, Deposition Subpoena. (4RR14:19-23; 15:5-14; 22:15-23:12)

The Deposition Subpoena was served on Dr. Marcellus on February 10, 2025, commanding he appear on February 24, 2025, at 10 a.m. to permit inspection and copying of the records. (5RR2) *Mr. Heiliger filed no objection at the Division; he*

---

[7] It was discovered during the District Court hearings that the September subpoena was procedurally defective. The September subpoena eventually was withdrawn and ALJ Okonkwo vacated the subpoena by Order issued February 18, 2025. See Appendix E, which is a sworn copy from the Relator's files of DWC Docket No. 24229142-01-CC-HE.

*filed no motion to quash; he filed no motion seeking protection from the Deposition Subpoena. Mr. Heiliger filed nothing at the Division, no challenge whatsoever to the January Deposition Subpoena.* But on February 10, 2025, Mr. Heiliger filed a second application for a temporary restraining order along with a request for a hearing on Mr. Heiliger's pending temporary injunction on the now moot September subpoena. Fort Bend County re-urged its Plea to the Jurisdiction and set it for hearing. (CR325 – 414)

At a hearing on February 18, 2025, the District Court refused to take up Fort Bend County's Plea to the Jurisdiction but took up Mr. Heiliger's application for TRO on the January Deposition Subpoena. 4RR41:3-5, 8-17) The District Court issued a temporary restraining order preventing compliance with the January Deposition Subpoena and set a March 21, 2025 hearing to take up, among other things, Fort Bend County's Plea to the Jurisdiction and Mr. Heiliger's Second Application for Temporary Injunction. (*Id.*, CR443-446) At the March hearing, the District Court took the parties' arguments under advisement and subsequently entered orders on April 2, 2025 denying Fort Bend County's Plea to the Jurisdiction, denying in part and granting in part ALJ Okonkwo's Plea to the Jurisdiction,[8]

---

[8] ALJ Okonkwo has an appeal pending before this Court challenging the district court's jurisdiction as well in this matter.

granting Mr. Heiliger's Temporary Injunction and setting a hearing on the merits of the matter for December 1, 2025. (1RR *et passim* and CR604-613)

Fort Bend County now seeks mandamus relief from the order denying its Plea to the Jurisdiction because the District Court does not have subject matter jurisdiction over discovery subpoenas issued by a Division administrative law judge until the administrative law judge or the party requesting the subpoena seeks to enforce compliance with the subpoena under the process mandated by Government Code § 2001.201.

## SUMMARY OF THE ARGUMENT

The Trial Court has exceeded its judicial authority by impermissibly interfering with the discovery process in a matter pending before the Texas Division of Workers' Compensation. In denying Fort Bend's Plea to the Jurisdiction and enjoining the ALJ's deposition subpoena, the District Court is allowing the claimant in this workers' compensation dispute to forego the correct legal process at the administrative level in clear violation of the Texas Legislature's statutory scheme for conducting workers' compensation disputes. The Texas Legislature has granted exclusive jurisdiction to the Division to decide workers' compensation disputes in the first instance, which impliedly requires that the agency has whatever powers crucial to fulfill its express function. This power necessarily and statutorily includes the power to promulgate discovery. The Texas Workers' Compensation Act ("Act") specifically provides the process to enforce discovery subpoenas during a workers' compensation dispute. The prescribed statutory provisions for enforcing a subpoena at a workers' compensation contested case hearing mandate that the ALJ or the party requesting the subpoena must seek a district court's permission to enforce a subpoena. A district court's subject matter jurisdiction over administrative hearing subpoenas is not and cannot be invoked solely by the person subject to the subpoena or any other person affected by the subpoena – such as Mr. Heiliger. The Act requires the person affected by the subpoena to challenge the subpoena by seeking protection at the administrative level.

8

Once the challenge is made to the subpoena, the Act requires the ALJ or the party requesting the subpoena to proceed under Government Code § 2001.201 to seek district court enforcement of the subpoena. This failsafe, which ensures the ALJ does not abuse her discretion, has not occurred in this matter. Accordingly, the District Court's subject matter jurisdiction has not been properly engaged.

## ARGUMENT AND AUTHORITY

### Mandamus Authority

As a general rule, appellate courts will not interfere with the exercise of a trial court's discretion in making incidental rulings. *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding). Because mandamus is an extraordinary remedy, the writ may only issue to correct a clear abuse of discretion and when there is no other adequate legal remedy by appeal. *In re Rogers*, 690 S.W.3d 296 (Tex. 2024) (orig. proceeding). *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). In the absence of a void order, a party must generally demonstrate that it has no adequate remedy on appeal in a mandamus proceeding. *Id.*; *Electric Reliability Council of Texas, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 640 (Tex. 2021).

Whether the remedy on appeal is "adequate," has no comprehensive definition. Adequacy depends largely on the circumstances presented and "is better guided by general principles than by simple rules." *Kappmeyer* at 659; *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 137 (Tex. 2004) (orig. proceeding). Adequacy is simply a proxy for the careful balance of considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding); *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 298 (Tex. 2016) (orig. proceeding);

10

*In re H.E.B. Grocery Company, L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding); *In re State*, 355 S.W.3d 611, 614-15 (Tex. 2011) (orig. proceeding).

In deciding whether the benefits of mandamus outweigh any detriments, the reviewing court must weigh public and private interests, recognizing that categorical determinations of adequacy must give way to the facts involved in each case. *In re United Services Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re Warrior Energy Services Corp.*, 599 S.W.3d 110, 118 (Tex. App. Houston 14th Dist. 2020, orig. proceeding). Also, in evaluating benefits and detriments, the Texas Supreme Court considers whether mandamus relief will safeguard important substantive and procedural rights from impairment or loss. *In re GlobalSanteFe Corp.*, 275 S.W.3d 477, 483 (Tex. 2008) (orig. proceeding); *Warrior* at 118. In addition to impairment of rights, the Supreme Court considers whether mandamus will allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments. *GlobalSanteFe* at 483.

An appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. *Kappmeyer* at 659; *Prudential* at 136; *Entergy Corp.* at 320; *In re Estate of Hutchins*, 391 S.W.3d 578, 584 (Tex. App. Dallas 2012, orig. proceeding); *In re Riley*, 339 S.W.3d 216 (Tex. App. Waco 2011, orig. proceeding). However, mandamus relief may be appropriate if the

11

challenged trial court order drastically skews the procedural dynamics of the case, *Kappmeyer* at 659; *Prudential Ins.* at 136-37.

Appeal may be adequate for a particular party, but it is no remedy at all for the irreversible waste of judicial and public resources that would be required in some cases if mandamus does not issue. *Kappmeyer* at 659; *In re State* at 614-15; *Prudential* at 136; *In re Oncor Electric Delivery Co. LLC*, 694 S.W.3d 789, 803 (Tex. App.—Houston [14th Dist.] April 2, 2024, orig. proceeding [mand. filed]); *In re Spooner*, 333 S.W.3d 759, 763 (Tex. App. Houston 1st Dist. 2010, orig. proceeding).

The impact on the judicial system may be sufficient to cause the Court to grant mandamus review because the judicial appropriation of state agency authority would be a clear disruption of the "orderly processes of government." *Entergy* at 321.

In *Entergy,* the Texas Supreme Court allowed a party to use a writ of mandamus even though there was a remedy available by appeal because a clear disruption of the orderly process of government was at stake. *Id.* at 320-321. Several parties sued Entergy over a merger agreement. *Id.* at 318-320. Entergy filed a Motion to Transfer Venue, a Motion to Abate and a Motion to Dismiss for Want of Subject Matter Jurisdiction, arguing that the Public Utility Commission of Texas ("PUC") had exclusive jurisdiction over the dispute at issue. *Id.* at 321. The trial Court denied Entergy's motions. *Id.* at 320. Entergy sought a writ of mandamus but

the Court of Appeals denied relief. *Id.* Even though Entergy's jurisdictional challenge could be taken up on appeal after final judgment in the underlying lawsuit, the Texas Supreme Court agreed to consider Entergy's interlocutory writ of mandamus to determine if the trial court had subject matter jurisdiction. *Id.* at 320. The Supreme Court's reasoning was that allowing the trial court to go forward if it did not have subject matter jurisdiction would be an improper appropriation of state agency authority. *Id.* at 321.

"The reluctance to issue extraordinary writs to correct incidental trial court rulings can be traced to a desire to prevent parties from attempting to use the writ as a substitute for an authorized appeal." *Id.* at 320. "In certain circumstances, we have recognized that incidental trial court rulings can be corrected by writ of mandamus. . ." *Id.*, citing *State Bar of Tex. v. Jefferson*, 942 S.W.2d 575, 575–76 (Tex.1997) (granting mandamus relief after concluding that trial court was without jurisdiction to issue temporary restraining order staying administrative grievance proceeding).

The *Entergy* Court found sometimes special, unique circumstances can exist that mandate a higher court's intervention, such as when a trial court "interferes with the important legislatively mandated function and purpose" of a state agency. *Id.* at 321. And such interference requires a higher court interceding even when there is another remedy by appeal. *Id.*

13

"In short, if the PUC has exclusive jurisdiction in this dispute, the judicial appropriation of state agency authority would be a clear disruption of the 'orderly processes of government,'" the Court found. *Id.* "This disruption, coupled with the hardship imposed on Entergy by a postponed appellate review, warrants an exception to our general proscription against using mandamus to correct incidental trial court rulings." *Id.*

The Supreme Court ultimately took up the writ of mandamus, found that the PUC did have exclusive jurisdiction, conditionally granted the writ, and directed the trial court to vacate its orders and dismiss the lawsuit for lack of subject matter jurisdiction. *Id.* at 324.

**Mandamus Relief is Appropriate**

Mandamus relief is appropriate in this case. This matter involves a discovery issue at an administrative hearing pending before the Texas Division of Workers' Compensation.

The ongoing contested case hearing[9] before the Division is to determine whether Ms. Smith died in the course and scope of her employment. The Division has issued a Deposition Subpoena for Fort Bend to obtain the mental health records

---

[9] DWC 24229142-01-CC-HE; Lauren Smith v. Fort Bend County; Texas Dept. Ins. – Div. Workers' Comp. Houston East Field Office.

14

of Ms. Smith; the basis for seeking this evidence is that Mr. Heiliger is relying on medical opinions that stress was a factor in Ms. Smith's death. Mr. Heiliger petitioned the District Court to not only step into the middle of the pending workers' compensation administrative hearing, but he is asking the District Court to overrule the Division's discovery order before the Division has issued a final appealable order.

Texas Law is clear that mental health records can be obtained by the Division for the purposes of determining the weight and credibility to be given them in an administrative proceeding. See TEX. HEALTH & SAFETY CODE ANN. § 611.006(a)(11) (Establishing the authorized disclosure of confidential mental health records in a judicial or administrative proceeding if the court or agency has issued an order or subpoena). (Appendix K). The Texas Workers' Compensation Act[10] vests exclusive jurisdiction in the Division to determine whether Ms. Smith's death is a compensable injury arising out of the course and scope of her employment, subject to judicial review only after exhaustion of remedies. See *In re Prentis*, 702 S.W.3d 762, 769 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (A party may not seek judicial review under the Act without first exhausting his administrative remedies. *In re Metro. Transit Auth.*, 334 S.W.3d 806, 810–11 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding). Failure to exhaust administrative remedies before

---

[10] See Texas Labor Code, Title 5, Subtitle A.

15

filing suit renders a trial court without subject matter jurisdiction. *Id.* at 810. The Act would be rendered meaningless if the Division was granted such jurisdiction to determine workers' compensation matters but not given the authority to issue orders and subpoenas to gather and weigh evidence relevant and necessary during the dispute resolution process under the Act. Course and scope of employment is an element of compensability that necessarily encompasses the Division's exclusive jurisdiction to determine compensability. *Prentis* at 769. To that end the Texas Legislature declared that the Division's ALJ is the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given evidence she considers to determine the elements of compensability. See Tex. Labor Code Ann. § 410.165. (Appendix U)

Mr. Heiliger and the District Court have hijacked the administrative process and without mandamus relief such interference would lead to a chaotic system of adjudicating workplace injuries by authorizing parties to go back and forth between the division and the judiciary on discovery issues authorized by the Act and would be antithetical to the purpose of the workers' compensation scheme that already provides the procedure for challenging discovery at the administrative level. See Tex. Lab. Code § 410.002, § 410.003, § 410.158, § 410.165; §410.251. See also 28 TAC § 142.1, § 142.2, § 142.12 and § 142.13.

16

The issue in this matter is not whether the mental health records are relevant, but rather who decides relevancy at this stage. Fort Bend argues that the Division does pursuant to the Legislative grant of authority in the Texas Labor Code. The Trial Court's invasion of the Texas Division of Workers' Compensation's exclusive jurisdiction demands this Court to exercise its mandamus power under well-accepted grounds for taking up a writ when agency jurisdiction is threatened.

## Plea to the Jurisdiction Authority

Fort Bend County seeks mandamus relief because the District Court has exceeded its subject matter jurisdiction by usurping the Texas Division of Workers' Compensation exclusive jurisdiction to conduct administrative law hearings involving workplace injuries.

Fort Bend County's Plea to the Jurisdiction should be granted in all things because the statutory process for workers' compensation matters grants the Division exclusive agency jurisdiction to be the sole authority to make the initial determination whether Lauren Smith's death is a compensable injury arising out of the course and scope of her employment.

Subject matter jurisdiction cannot be waived by the parties and may be raised for the first time at any point in the proceedings—even on appeal. See *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Texas Ass'n of Business v.*

17

*Texas Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993). It is a question of law for the court. See *Mayhew* at 928. "A court lacking jurisdiction over a claim has no discretion but to dismiss it." *Producers Assistance Corp. v. Employers Ins. of Wausau*, 934 S.W.2d 796, 799 (Tex. App.—Houston [1ˢᵗ Dist.] 1996, no writ), *emphasis added.*

The Division of Workers' Compensation has exclusive jurisdiction over workers' compensation claims and the Texas Workers' Compensation Act provides exclusive remedies for these claims. *In re Crawford & Co.*, 458 S.W.3d 920, 923 (Tex. 2015). The Act designates the Department of Insurance as the administrative agency responsible "[for overseeing] the workers' compensation system of this state" and establishes the Division of Workers' Compensation within the Department to "administer and operate" that system. *Id.*, citing Tex. Lab. Code § 402.001. (Appendix M) The *Crawford* Court found that it is the Division's duty to "(1) regulate and administer the business of workers' compensation in this state; and (2) ensure that [the Act] and other laws regarding workers' compensation are executed." *Id.*, citing Tex. Lab. Code § 402.00114. (Appendix N) The Act, as substantially revised in 1989, prescribes, among other things, the detailed "time-compressed" processes for carriers to handle claims and for dispute resolution. *Id.*

Under the Act, the Legislature has vested the Texas Department of Insurance – Division of Workers' Compensation ("Division") with authority to make the first determination whether a claimant is entitled to workers' compensation

18

benefits. See *American Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801 (Tex. 2001). *See also* TEX. LABOR CODE § 408.001. This exclusive jurisdiction provision requires that a claimant or employer in a workers' compensation case **must** exhaust all administrative remedies before seeking judicial review of the agency's action. See *In re Entergy Corp.,* 142 S.W.3d at 321-322. Requiring a party to exhaust his administrative remedies prior to filing suit does not deprive him of any legal rights. *In re Prentis,* 702 S.W. 3d 762, 772 (Tex. App.—Houston [1st Dist.] 2024, no pet.). On the contrary, the First Court of Appeals found that rather than depriving a party of his rights, the requirement to exhaust the administrative remedies honors the Legislature's intent that the appropriate body adjudicate the dispute first to ensure an orderly procedure to enforce those rights. *Id.* at 772-73, quoting *Berrelez v. Mesquite Logistics USA, Inc.,* 562 S.W.3d 69, 73 (Tex. App.—San Antonio 2018, no pet.) (internal quotation marks omitted). This is because the exhaustion of administrative remedies requirement permits the agency in question to apply its expertise and develop a factual record if a suit is later filed. *Id.*

Part of the Division's lawful exercise of its jurisdiction over workers' compensation disputes is to conduct hearings. See Tex. Lab. Code § 410.163. (Appendix T) At a contested case hearing the administrative law judge shall "(1) swear witnesses; (2) receive testimony; (3) allow examination and cross-examination of witnesses; (4) accept documents and other tangible evidence; and (5)

19

allow the presentation of evidence by affidavit." See Tex. Lab. Code § 410.163(a). (Appendix T) The statute governing the powers and duties of the ALJ at a contested case hearing further requires that the ALJ "shall ensure the preservation of the rights of the parties *and the full development of facts required for the determinations to be made.*" See Tex. Lab. Code § 410.163 (b) (emphasis added). (Appendix T)

The First Court of Appeals, which sits in Harris County where the District Court is located, found relevant that the Act vests the Division with the sole authority to determine whether an employee suffered a "compensable injury" entitling him to workers' compensation benefits. *In re Prentis*, 702 S.W. 3d at 769, citing *Henry v. Dillard Dept. Stores, Inc.*, 70 S.W.3d 808, 809 (Tex. 2002); also citing *Metro. Transit Auth.* at 810–11. "A 'compensable injury' is one that 'arises out of and in the course and scope of employment for which compensation is payable' under the Act." *Id.*, citing TEX. LAB. CODE § 401.011(10) and *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 518 (Tex. 2007). "Because course and scope of employment is an element of compensability, the Division's 'exclusive jurisdiction to determine compensability [thus] necessarily encompasses [the] exclusive jurisdiction to determine whether an injury ... occurred in the course and scope of employment.'" *Id.*, citing *In re Tyler Asphalt & Gravel Co., Inc.*, 107 S.W.3d 832, 839 (Tex. App.— Houston [14th Dist.] 2003, orig. proceeding).

When the Legislature "expressly confers a power on an agency, it also impliedly intends that the agency have whatever powers are reasonably necessary to fulfill its express functions or duties. . . " See *Liberty Mut. Ins. Co. v. Adcock,* 412 S.W. 3d 492, 494 (Tex. 2013), quoting *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd. of San Antonio,* 53 S.W.3d 310, 316 (Tex. 2001).

The Texas Legislature has, in fact, purposefully given the Division full authority and the reasonable powers necessary to make the first determination of whether a workplace injury is a compensable injury arising out of the course and scope of employment. The Texas Workers' Compensation Act, codified in the Texas Labor Code, expressly grants the Division the authority to issue orders and subpoenas to gather and weigh evidence relevant and necessary during the dispute resolution process under the Act. See Tex. Lab. Code §§ 410.158; 410.162; 410.165. (Appendix R, S and U) The statutory grant of authority to the Division also includes the power to adopt rules to govern procedures for these contested case hearings. See Tex. Lab. Code § 410.157 ("The commissioner shall adopt rules governing procedures under which contested case hearings are conducted."). (Appendix Q) The Division Rules are embodied in the Texas Administrative Code and include specific rules for conducting contested case hearings, obtaining evidence at contested case hearings and detailed procedures for discovery at contested case hearings. See 28 Tex. Admin. Code §§ 141 and 142.

21

For ease of reference of the many statutes and rules governing workers' compensation contested case hearings and the procedures for discovery at such hearings, the following list is provided:

- **Texas Labor Code § 410.003** – Restricts the application of Chapter 2001 of the Government Code (Administrative Procedure Act) in workers' compensation administrative proceedings unless specifically provided in Chapter 410 of the Act (Appendix P);

- **Texas Labor Code § 410.157** – Authorizes the promulgation of rules for conducting contested case hearings at the Division (Appendix Q);

- **Texas Labor Code § 410.158** – Authorizes limited discovery during the dispute resolution process at the Division (Appendix R);

- **Texas Labor Code § 410.162** – Allows, for good cause shown, that a party may obtain permission from the administrative law judge to conduct additional discovery as necessary (Appendix S) ;

- **Texas Labor Code § 410.165** -- Authorizes the administrative law judge as the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence (Appendix U);.

- **28 Tex. Admin. Code § 141.4** -- Pertinent information at a benefit review conference is defined as all information relevant to the resolution of the disputed issue or issues to be addressed at the benefit review conference, including but not limited to, among other things, the injured employee's medical records (Appendix W);

- **28 Tex. Admin. Code § 142.2** -- Authorizes the authority of the Division ALJ to, among other things, issue a subpoena on its own motion or at the request of a party if the ALJ determines the party has a good cause, rule on admissibility, and determine the weight and credibility of evidence (Appendix Y);

- **28 Tex. Admin. Code § 142.12** -- Allows the Division ALJ to issue a subpoena on its own motion or at the request of a party upon a determination of relevancy to the disputed issue (Appendix Z);

- **28 Tex. Admin. Code § 142.13** – Authorizes the Division ALJ to grant a party permission to conduct discovery beyond that described in Texas Labor Code § 410.158 upon a showing of good cause at a hearing held for this purpose (Appendix AA); and

22

o **28 Tex. Admin. Code § 142.1** – Mandates that the only section of the Government Code (Administrative Procedure Act) that applies to the contested cases hearings is Government Code § 2001.201 relating to the enforcement of subpoenas (Appendix X).

The Act specifically sets out how subpoenas are to issue and how they are to be enforced in workers' compensation contested case hearings. Specifically, the Act prohibits an ALJ from enforcing a subpoena unless the ALJ or the party seeking the subpoena invokes Texas Government Code § 2001.201. That section provides as follows:

> (a) If a person fails to comply with a subpoena or commission issued under this chapter, the state agency issuing the subpoena or commission, acting through the attorney general, or the party requesting the subpoena or commission may bring suit to enforce the subpoena or commission in a district court in Travis County or in the county in which a hearing conducted by the agency may be held.

See Tex. Gov't. Code § 2001.201. (Appendix J)

Furthermore, Texas jurisprudence expressly recognizes that mental health records, like the ones at issue here, are obtainable in controversies where the mental condition is at issue. Under Texas Rule of Evidence 510(d)(5) (Appendix L) the privilege of confidentiality for mental health records does not apply if any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition. The Texas Health and Safety Code provides a qualified privilege for such records but has specifically carved out exceptions. See Tex. Health & Safety Code § 611.

23

(Appendix K)  In the section of the Mental Health Records statute entitled "Authorized Disclosure of Confidential Information in a Judicial or Administrative Proceeding," the Texas Legislature expressly authorized the disclosure of mental health records in "a judicial or administrative proceeding *where the court or agency has issued an order or subpoena*." See TEX. HEALTH & SAFETY CODE § 611.006(a)(11) .  (Appendix K)

## Plea to the Jurisdiction Argument

The District Court's exercise of jurisdiction in this matter undermines the ALJ's express grant of jurisdiction and clearly impedes Fort Bend County's ability to obtain evidence to determine whether Ms. Smith's death is compensable under Texas law.

The Texas Workers' Compensation Act vests the power to award compensation benefits solely in the Texas Division of Workers' Compensation. A Division ALJ's decision is final unless it is appealed.

The Division and the ALJ are acting entirely within their grant of jurisdiction and authority.  The Labor Code, the Rules promulgated by the Division and the Government Code, *supra*, all lay out the procedure for obtaining discovery and enforcing a discovery subpoena during a workers' compensation dispute.  Mr.

24

Heiliger and the District Court have leap frogged over the steps that the Legislature has mandated. The facts of whether the Deposition Subpoena should issue or not are not ripe for judicial review. A district court is the place to argue whether the Deposition Subpoena should be compelled, but there is only one way to get to the District Court at this stage and that is through Government Code 2001.201. (Appendix J) Only the ALJ or the party seeking to compel a subpoena at the Division level can invoke the procedure in Government Code § 2001.201 to compel a subpoena at the Division level. This can only be done after the target of the subpoena or the person affected by it, in this case Mr. Heiliger, has indicated noncompliance or sought protection. Mr. Heiliger has done nothing at the Division level to allow Government Code § 2001.201 to be invoked. He has not objected to the live Deposition Subpoena. He has not filed a motion to quash the live Deposition Subpoena. He has not sought a protective order from the live Deposition Subpoena. Instead, Mr. Heiliger has improperly sought judicial review before obtaining a final decision from the Division.

The policy to require a party to be aggrieved of a final decision of the Division of Workers' Compensation is to ensure disputes are resolved quickly and objectively. Allowing Mr. Heiliger to seek redress in district court deprives the Division of Workers' Compensation the chance to resolve disputed fact issues and apply its statutorily created authority, thereby distorting the balances struck in the

25

Texas Workers' Compensation Act and frustrating the Legislature's intent. Further, an extra-statutory cause of action builds additional costs into the system by increasing litigation expenses to employees, insurers, and employers.

Allowing the administrative process to be circumvented as Mr. Heiliger has attempted would result in claimants running to district court at every adverse interlocutory order with potential conflicting results in 254 counties. The orderly administration of justice would become unpredictable and unreliable destroying the right to a fair and equitable adjudication at the administrative level. Not to mention the cost to injured workers and their families, as well as the drawn out legal process before they could obtain relief.

Because neither the Division nor Fort Bend County has sought to enforce the Deposition Subpoena order under Government Code § 2001.201 (Appendix J), and since there is no provision for the target of the subpoena or party affected by the subpoena to challenge the subpoena in district court until enforcement is sought in district court, the District Court has erred in asserting jurisdiction. Unless or until the ALJ or Fort Bend County moves to enforce the Deposition Subpoena, Mr. Heiliger has suffered no harm and the District Court has exceeded its authority to step in.

26

Because Mr. Heiliger's failure to exhaust administrative remedies is jurisdictional, Fort Bend County asks this Court to grant its Plea to the Jurisdiction and dissolve the temporary restraining order entered February 18, 2025. Fort Bend County further asks this Court to dismiss Mr. Heiliger's Fourth Amended Verified Original Petition for Declaratory Judgment, Application for Writ of Mandamus, and request for injunctive relief in its entirety for lack of subject matter jurisdiction.

## **PRAYER**

WHEREFORE, ARGUMENT AND AUTHORITY CONSIDERED, the Relator Fort Bend County respectfully requests the Court to grant this Writ of Mandamus, direct The Honorable B. Hawkins to vacate her April 2, 2025, Order Denying Fort Bend County's Plea to the Jurisdiction and Motion to Dismiss and her April 2, 2025, Order Granting Temporary Injunction and Setting Trial on Merits and to dismiss this case for lack of subject matter jurisdiction and for such further and other relief to which it may be entitled.

[Signature Block on Next Page]

27

Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC

By: /s/ Lisa M. Teachey

Dean G. Pappas
Texas Bar No. 15454375
dpappas@dgplawfirm.com
Mary M. Markantonis
Texas No.12986800
mmarkantonis@dgplawfirm.com
Lisa M. Teachey
Texas Bar No. 24056416
lteachey@dgplawfirm.com
Marilyn J. Allen
Texas Bar No. 24025225
mallen@dgplawfirm.com
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: 713-914-6200
Telecopier: 713-914-6201
ATTORNEYS FOR RELATOR
FORT BEND COUNTY

28

## RULE 52.3(J) CERTIFICATION

In compliance with Rule 52.3(j) of the Texas Rules of Appellate Procedure, I certify that I have reviewed the Amended Petition for Writ of Mandamus and have concluded that every factual statement in the petition is supported by competent evidence included in the record.

*/s/ Lisa M. Teachey*
Lisa M. Teachey

## CERTIFICATE OF COMPLIANCE

This amended petition complies with the length limitations of TEX. R. APP. P. 9.4(i)(3) because this amended petition consists of 6094 words as determined by Microsoft Word Count, excluding the parts of the amended petition exempted by TEX. R. APP. P. 9.4(i)(1).

*/s/ Lisa M. Teachey*
Lisa M. Teachey

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Amended Petition for Writ of Mandamus, including any and all attachments, was served on counsel of record by using the Court's e-filing system and on The Honorable Kristen B. Hawkins via email to her Court Coordinator, Jackie Struss, on the 20th day of June 2025, addressed as follows:

***Via eFile through the electronic filing manager***
Russell L. Morris
Pablo A. Franco
Andrew W. Bruce
McBryde Franco, PLLC
11000 Richmond Avenue, Suite 350
Houston, Texas 77042

*Attorneys for Joshua Heiliger, Individually and on Behalf of the Estate of Lauren Brittane Smith, Deceased, and on Behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger, Real Party in Interest*

***Via eFile through the electronic filing manager***
Ken Paxton
Brent Webster
Ralph Molina
James Lloyd
Ernest C. Garcia
Sherlyn Harper
Office of the Attorney General of Texas
808 Travis Street, Suite 1520
Houston, Texas 77002

James Z. Brazell
Assistant Attorney General, Administrative Law Division
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548

*Attorneys for Francesca Okonkwo, Administrative Law Judge in her official capacity, Real Party in Interest*

***Via eFile through the electronic filing manager***
LaVerne Chang
511 Lovett Blvd.
Houston, Texas 77006

*Attorney for Greater Houston Psychiatric Associates, PLLC, Real Party in Interest*

***Via email to jackie_struss@justex.net***
The Honorable Kristen B. Hawkins
c/o Jackie Struss, Coordinator
jackie_struss@justex.net
11th Civil District Court
Harris County Civil Courthouse
201 Caroline, 9th Floor
Houston, Texas 77002

*Respondent*

*/s/ Lisa M. Teachey*
Lisa M. Teachey

## APPENDIX

TAB A: April 2, 2025, Order denying Fort Bend County's Plea to the Jurisdiction and Motion to Dismiss (CR611)

TAB B: April 2, 2025, Order granting temporary injunction and setting case for trial on the merits (CR606-610)

TAB C: January 27, 2025, Division Deposition Subpoena of Ms. Smith's mental records (5RR2);

TAB D: Division - Contested Case Hearing set notice for August 7, 2025

TAB E: Division - Order vacating the September 19, 2024, Subpoena and Vacating the Subsequent Order to Compel

TAB F: Division - Fort Bend County's September 9, 2024, Amended Opposed Motion to Subpoena Medical Records from Dr. John Marcellus;

TAB G: Division - Claimants' September 9, 2024, Objection to Carrier's Opposed Motion to Subpoena mental Health Records from Dr. John Marcellu

TAB H: Division - September 19, 2024, Order on Motion to Subpoena Medical Records

TAB I: Petitioner's Verified Original Petition for Declaratory Judgment, Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction filed November 7, 2024

TAB J: Texas Government Code § 2001.201

TAB K: Texas Health and Safety Code, Chapter 611

TAB L: Texas Rule of Evidence 510

TAB M: Texas Labor Code § 402.001

TAB N: Texas Labor Code § 402.00114

32

TAB O:      Texas Labor Code § 410.002

TAB P:      Texas Labor Code § 410.003

TAB Q:      Texas Labor Code § 410.157

TAB R:      Texas Labor Code § 410.158

TAB S:      Texas Labor Code § 410.162

TAB T:      Texas Labor Code § 410.163

TAB U:      Texas Labor Code § 410.165

TAB V:      Texas Labor Code § 410.251

TAB W:      28 Tex. Admin. Code § 141.4

TAB X:      28 Tex. Admin. Code § 142.1

TAB Y:      28 Tex. Admin. Code § 142.2

TAB Z:      28 Tex. Admin. Code § 142.12

TAB AA:   28 Tex. Admin. Code § 142.13

3/20/2025 12:40:46 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 98690123
By: OUGRAH, CHANCESAS
Filed: 3/20/2025 12:40:46 PM

Pgs-1

PJURY
DISMY

CAUSE NO: 2024-78536

| | | |
|---|---|---|
| In re Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger<br>*Petitioner,*<br><br>v.<br><br>**Texas Department of Insurance; Francesca Okonkwo, Administrative Law Judge; Greater Houston Psychiatric Associates, PLLC, et al.**<br>*Respondents.*<br><br>**Fort Bend County,**<br>*Intervenor* | § § § § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br>11TH JUDICIAL DISTRICT<br><br><br>HARRIS COUNTY, TEXAS |

## ORDER DENYING FORT BEND COUNTY'S
## PLEA TO THE JURISDICTION AND MOTION TO DISMISS

After considering Real Party in Interest's First Amended Plea to the Jurisdiction and Motion to Dismiss, filed by Fort Bend County as a Real Party in Interest, any timely responses and/or replies thereto, any argument of counsel, the Court finds is of opinion the Plea to the Jurisdiction and Motion to Dismiss should be **DENIED**.

Signed on this the _____ day of _____, 2025.

Signed:
4/2/2025

_____
PRESIDING JUDGE

TAB A

1

611

3/20/2025 3:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 98704339
By: Anais Aguirre
Filed: 3/20/2025 3:29 PM
Pgs-5

**CAUSE NO: 2024-78536**

| | | |
|---|---|---|
| In re Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger *Petitioner*, | § § § § § § § § § | **IN THE DISTRICT COURT OF** TINJX TRILX |
| v. | § § | |
| Texas Department of Insurance; Francesca Okonkwo, Administrative Law Judge; Greater Houston Psychiatric Associates, PLLC, et al. *Respondents.* | § § § § § § § § § | **11TH JUDICIAL DISTRICT** |
| Fort Bend County, *Intervenor* | § § § § § § | **HARRIS COUNTY, TEXAS** |

**TAB B**

**ORDER GRANTING TEMPORARY
INJUNCTION AND SETTING TRIAL ON MERITS**

TO THE HONORABLE JUDGE OF SAID COURT:

On this day, the Court considered Petitioner's Fourth Amended Verified Original Petition and Application Temporary Injunction ("Application") filed by Petitioner, Joshua David Heiliger, individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger, and Emma Destiny Heiliger.

Having considered the Application, the briefs filed by the parties, if any, and all evidence presented at the hearing before the Court, as well as taking judicial notice of the Court's file, the Court FINDS Petitioner's Verified Application for Temporary Injunction describes the alleged harm complained about and establishes t the claimed harm is imminent, that it is irreparable, and

**Page 1 of 5**
606

that Petitioner is without an adequate remedy at law, authorizing the Court to grant this order. The Court finds clear evidence, absent immediate restraint, Petitioner will suffer imminent and irreparable injury, and that these risks are imminent because the harm sought to be avoided relates to the disclosure of privileged and confidential records.

Specifically, the Court finds that:

(1) Petitioner has asserted valid causes of action against Respondents;

(2) Petitioner has demonstrated a probable right to relief or recovery; and

(3) If not restrained, Respondents will, in all likelihood, continue their actions against Petitioner, which will probably cause immediate and irreparable injury, for which there is no adequate remedy at law, including the impairment or loss of statutory and constitutional rights and privileges, and that remedy by appeal would be ineffective because, once revealed, the documents, and information contained therein, cannot be subsequently protected; and,

(4) That any resulting damages from an improper disclosure cannot be measured by any pecuniary standard.

Accordingly, the Court finds it necessary to preserve the status quo and safeguard Petitioner from imminent and irreparable harm by issuing this temporary injunction order against Respondents.

IT IS FURTHER THEREFORE ORDERED that a temporary injunction issue, and shall be effective and binding upon the signing of this order, without the need for issuance or service of a writ of injunction, pending trial of this cause on the merits, or the dismissal of this lawsuit as a result of this lawsuit as a result of settlement or release restraining Respondents Okonkwo and or further order of this Court

Greater Houston Psychiatric Associates, PLLC, as well as any individuals or entities in active concert or participation with them who receive actual notice of the Order by personal service or otherwise, as follows:

(a) Disclosing, in any manner, Lauren Smith's mental health records containing privileged communications, or the privileged communications contained therein, from Greater Houston Psychiatric Associates, PLLC, and/or Dr. John Marcellus;

(b) Enforcing, attempting to enforce, or complying with, the order(s) and subpoena(s) issued by Respondent Okonkwo dated September 19, 2024, October 30, 2024, or January 27, 2025, compelling or ordering the inspection, copying, production, or disclosure of Lauren Smith's privileged mental health records.

IT IS FURTHER ORDERED that, in lieu of requiring Petitioner to execute and file a new bond for issuance of the temporary injunction, the $500.00 cash deposit filed by Petitioner and accepted by the Harris County District Clerk on or about November 13, 2024, in connection with the Temporary Restraining Orders signed in this lawsuit is hereby deemed extended in conformity with the law to the period during which the Temporary Injunction is in effect.

IT IS FURTHER ORDERED that this injunction shall remain in force and effect until further order of the Court. Trial on the merits in this matter is set for the two-week docket starting on Dec. 1, 2025 at ~~a.m./p.m. which is a trial date more than ten (10) months from the date of the original filing of this proceeding.~~

Signed:
4/2/2025

Judge's Signature

Respectfully submitted,

*/s/ Russell L. Morris*

Russell L. Morris
State Bar No. 24099150
Andrew W. Bruce
State Bar No. 24113627
Pablo A. Franco
State Bar No. 24121625
MCBRYDE FRANCO, PLLC
11000 Richmond Avenue, Suite 350
Houston, TX 77042
(713) 223-7699
(512) 691-9072 [facsimile]
serv.russell@mf-txlaw.com

**ATTORNEYS FOR PETITIONER**

## CERTIFICATE OF SERVICE

I certify that the foregoing document to which this certificate is attached was served, prepaid and/or facsimile and/or EFILE, on the date below upon each listed party or, if of record in this cause, that party's named attorney of record at the respective last known address as follows:

**VIA E-FILE:**
Lisa M. Teachey
Dean G. Pappas Law Firm, PLLC
8588 Katy Freeway, Suite 100
Houston, TX 77024
lteachey@dgplawfirm.com

**ATTORNEY FOR INTERVENOR**

**VIA E-FILE:**
Sherlyn Harper
Office of the Attorney General of Texas
808 Travis Street, #1520
Houston, TX 77002
Sherlyn.harper@oag.texas.gov

James Z. Brazell
Assistant Attorney General, Administrative Law Division
P.O. Box 12548, Capital Station
Austin, TX 78711-2548
james@brazell@oag.texas.gov

**ATTORNEYS FOR RESPONDENT,
FRANCESCA OKONKWO,
ADMINISTRATIVE LAW JUDGE**

**VIA E:FILE:**
LaVerne Chang
Suzan Cardwell
Cardwell & Chang, PLLC
511 Lovett Blvd.
Houston, TX 77006
chang@cardwellchang.com
cardwell@cardwellchang.com

**ATTORNEYS FOR RESPONDENT,
GREATER HOUSTON PSYCHIATRIC
ASSOCIATES, PLLC**

Date: March 20, 2025

/s/ Russell Morris
Russell Morris



RPI
Exhibit A

PEHCAD-Keynote, N. I.



**This deposition subpoena is issued in the name of the State of Texas.**

**To:** Any Sheriff or Constable of the State of Texas or any other person authorized to serve and execute subpoena under 28 TAC §142.12 and Rule 176.5(a) of the Texas Rules of Civil Procedure.

**Instructions:** You are hereby commanded to summon the person named below to appear at the deposition of Dr. John Marcellus or the Custodian of Records for Dr. John Marcellus and to produce and permit inspection and copying of the documents and/or tangible things in the possession, custody, or control of the person summoned, by producing the records to the court reporter at the deposition and/or delivering them to the requesting person at the address indicated.

**Summoned Person:** Dr. John Marcellus or the Custodian of Records for Dr. John Marcellus.

**Required Action:** To appear for the deposition and produce and permit inspection and copying of the designated documents or tangible things in the possession, custody, or control of the summoned person as described herein.

**Documents and/or Tangible
Things to be Produced:** Medical Records from 01/01/2020 to the 04/01/2023 pertaining to Lauren Smith, (SS# xxx-xx-4261; Date of Birth: 10/18/1982).

**Location:** Office of Dr. John E. Marcellus, 4888 Loop Central Drive, Suite 510, Houston, TX 77081, Phone 713-346-1551, Fax: 713-346-1577.

**Date and Time:** February 24, 2025, at 10:00 a.m.

**Lauren Smith v. Fort Bend County,** Docket Number: 24229142-01, in the Texas Department of Insurance, Division of Workers' Compensation.

**Requested By:** Marilyn J. Allen, Dean Pappas Law Firm, 8588 Katy Freeway, Suite #100 Houston, Texas 77024, Telephone: 713-914-6200

**Sanctions Notice:** Failure of any person to comply with this deposition subpoena may result in sanctions under Section 415.021 of the Texas Labor Code. This deposition subpoena may be enforced through the provisions of Section 2001.201 of the Texas Government Code.

This deposition subpoena is issued under my official signature on, ___January 27___, 2025.

*Franca Okonkwo*
Administrative Law Judge
Texas Department of Insurance
Division of Workers' Compensation

**Proof of Service**

I acknowledge receipt of the above deposition subpoena on ___January 29th, 2025___, and hereby state that the deposition subpoena was executed by personal service of a true and correct copy on said witness, on ___February 10th, 2025___, at ___1:15___ p.m.

Signature of Process Server

TAB C

 **Division of Workers' Compensation**

PO Box 12050, Mail Code: HRG | Austin, TX 78711 | 800-252-7031 | tdi.texas.gov/wc

**Injured employee:** LAUREN SMITH
**DWC claim/docket #:** 24229142-01-CC-HE
**Date of injury:** 04/10/2023
**Employer:** Fort Bend County
**Insurance carrier:** Fort Bend County
**Insurance carrier claim #:** 6000068
**Date:** 6/4/2025

RECEIVED
JUN 4 2025
Dean G. Pappas Law Firm, PLLC

Fort Bend County
301 Jackson St
Richmond, TX 77469-3108
Box Nbr: 29

## Your contested case hearing is rescheduled.

The hearing that was scheduled with the Texas Department of Insurance, Division of Workers' Compensation (DWC) for 6/9/2025, at 10:30 a.m. is changed to the date, time, and place below.

**You must go to the hearing on 8/7/2025, at 8:30 a.m., Central time. (The employer is not required to attend unless it filed the dispute.)**

| | **Place: Division of Workers' Compensation** |
|---|---|
| **Your hearing will be held at:** | **TDI-DIV. WORKERS' COMPENSATION** <br> **5425 POLK, SUITE 130** <br> **ELIAS RAMIREZ BUILDING** <br> **HOUSTON, TX 77023** <br> **(800) 252-7031** |

## Need help?

- Go to www.tdi.texas.gov/wc/employee/dispute.html to learn more about dispute resolution.
- If you want an attorney and need help finding one, call the **State Bar of Texas** at 800-252-9690.
- If you do not have an attorney and want help from an ombudsman, go to www.oiec.texas.gov or call the **Office of Injured Employee Counsel** at 866-393-6432, ext. 44186.

## Questions?



- Call 800-252-7031, Monday to Friday, 8 a.m. to 5 p.m., Central time.
- to www.tdi.texas.gov/wc to learn more about workers' compensation.

TAB D

DR05   Rev. 05/2025)

Page 1 of 4

## How to exchange your information with DWC and the other parties:

You are responsible for sending your information securely. What you send to DWC must also be sent to the other parties.

Hearing exhibits should be sent to DWC and the other parties at least **three days** before the hearing.

## Hearing exhibits may be sent to DWC by:

- **Email:** CCH_Exhibits@tdi.texas.gov (Use an underscore between CCH and Exhibits.)

- **Fax:** 512-804-4011
  - Break your documents into separate sections of less than 40 pages each.
  - Fax each section separately with a cover page.
  - Each cover page should include:
    - the DWC claim number; and
    - the number of each section. For example, Section 1 of 3, Section 2 of 3, and so on.

- **Mail:** Texas Department of Insurance, Division of Workers' Compensation
  Hearings, Mail Code HRG
  PO Box 12050
  Austin, TX 78711-2050

- **Secure File Transfer Protocol (SFTP):** An SFTP account is a secure, electronic way to upload your documents.
  - If you want an SFTP account, contact DWC at eFiling-Help@tdi.texas.gov
  - To learn more, go to www.tdi.texas.gov/wc/carrier/efileoptions.html

We sent a copy of this letter to:

Fort Bend County
301 Jackson St
Richmond, TX 77469-3108

MARILYN JO ALLEN
Dean G Pappas Law Firm PLLC
8588 Katy Fwy Ste 100
Houston, TX 77024-1813

Russell L Morris
McBryde Franco PLLC
11000 Richmond Ave Ste 350
Houston, TX 77042-6702

EMMA D HEILIGER
5804 SPRING RIVER LANE
FULSHEAR, TX 77441

JOSHUA D HEILIGER
5804 SPRING RIVER LANE
FULSHEAR, TX 77441

STATE OF TEXAS

COUNTY OF HARRIS

Before me the undersigned authority personally appeared Lisa M. Teachey who, being duly sworn by me, upon her oath deposed and stated that she is an attorney with Dean G. Pappas Law Firm, PLLC and represents Fort Bend County in the above entitled and numbered matter and is a custodian of Fort Bend County's files in DWC Docket No. 24229142-01 styled *Lauren Smith (Deceased), Claimant v. Fort Bend County, Insurance Carrier* and Cause No. 2024-78536, styled *In re Joshua David Heiliger, et al v. Texas Department of Insurance, Division of Workers' Compensation, et al* and the documents attached hereto are true and correct copies of the law firm's file copies of the pleadings and filings in these matters.

Signed this 11th day of June, 2025.

_____
Lisa M. Teachey

Subscribed and sworn to before me the undersigned authority, by Lisa M. Teachey, known to me to be the person whose signature is subscribed above on this 11th day of June, 2025.

_____
Notary Public in and for
The State of Texas

My commission expires:



HOPE BURNETT-FURLOW
Notary Public, State of Texas
My Commission Expires
June 08, 2026
NOTARY ID 13380210-7

CONFIDENTIAL
Texas Labor Code
§402.083

# TEXAS DEPARTMENT OF INSURANCE
## Division of Workers' Compensation
### Houston East Field Office
### Houston, Texas



RECD
02.18.25.
DGP

| | | |
|---|---|---|
| **Lauren Smith (Deceased),** **Claimant** | § § § § | |
| **v.** | § § § | **Docket Number** **24229142-01-CC** |
| **Fort Bend County,** **Insurance Carrier** | § § § § | |

### Order Vacating the September 19, 2024 Subpoena of Medical Records and Vacating the Subsequent Order to Compel

On February 6, 2025, the insurance carrier, Fort Bend County, self-insured, filed a notification that it withdraws the September 19, 2024, subpoena issued by Administrative Law Judge Okonkwo ordering the production and disclosure of Mrs. Smith's mental health records. The insurance carrier now relies upon the Administrative Law Judge's January 27, 2025, Order issuing the Deposition Subpoena of Dr. John Marcellus that is now in effect.

The Administrative Law Judge finds that there is good cause to vacate the September 19, 2024, subpoena and the subsequent order to compel the production and disclosure of Mrs. Smith's mental health records.

The September 19, 2024, subpoena and the subsequent order to compel are hereby vacated.

Signed on February 18, 2025.

Francisca N. Okonkwo
Administrative Law Judge

TAB E



**Division of Workers' Compensation**

PO Box 12050 | Austin, TX 78711 | 800-252-7031 | tdi.texas.gov/wc

February 18, 2025

24229142-01-CC

JOSHUA D. HEILIGER
5804 SPRING RIVER LANE
FULSHEAR TX 77441

EMMA D. HEILIGER
5804 SPRING RIVER LANE
FULSHEAR TX 77441-2053

RUSSELL L MORRIS
MCBRYDE FRANCO PLLC
11000 RICHMOND AVE STE 350
HOUSTON TX 77042-6702

FORT BEND COUNTY
C/O DEAN G PAPPAS LAW FIRM LLC, BOX 29

MARILYN J. ALLEN
DEAN G PAPPAS LAW FIRM PLLC
8588 KATY FWY STE 100
HOUSTON TX 77024-1813

FORT BEND COUNTY
301 JACKSON ST
RICHMOND TX 77469-3108

STATE OF TEXAS

COUNTY OF HARRIS

Before me the undersigned authority personally appeared Lisa M. Teachey who, being duly sworn by me, upon her oath deposed and stated that she is an attorney with Dean G. Pappas Law Firm, PLLC and represents Fort Bend County in the above entitled and numbered matter and is a custodian of Fort Bend County's files in DWC Docket No. 24229142-01 styled *Lauren Smith (Deceased), Claimant v. Fort Bend County, Insurance Carrier* and Cause No. 2024-78536, styled *In re Joshua David Heiliger, et al v. Texas Department of Insurance, Division of Workers' Compensation, et al* and the documents attached hereto are true and correct copies of the law firm's file copies of the pleadings and filings in these matters.

Signed this 11th day of June, 2025.

Lisa M. Teachey

Subscribed and sworn to before me the undersigned authority, by Lisa M. Teachey, known to me to be the person whose signature is subscribed above on this 11th day of June, 2025.

Notary Public in and for
The State of Texas

My commission expires:



HOPE BURNETT-FURLOW
Notary Public, State of Texas
My Commission Expires
June 08, 2026
NOTARY ID 13380210-7

| Lauren Smith, | § | |
| Claimant | § | |
| | § | |
| | § | Docket No. 24229142-01 |
| v. | § | |
| | § | |
| Fort Bend County, | § | |
| Carrier | § | |

## Carrier's Amended Opposed Motion to Subpoena Medical Records from Dr. John Marcellus

The Self-Insured, Fort Bend County, files this Amended Opposed Motion to Subpoena the Claimant's Medical Records from *John E. Marcellus, M.D., Diplomate American Board of Psychiatry and Neurology in Child, Adolescent and Adult Psychiatry*, 4888 Loop Central Drive, Suite 510, Houston, TX 77081, Phone 713-346-1551, Fax: 713-346-1577 pertaining to *Claimant, Lauren Smith, deceased, (SS# xxx-xx-4261; Date of Birth: 10/18/1982),* and would show unto this Honorable Division the following:

This claim is set for a CCH on September 26, 2024, on the issue, among other things of whether the Claimant sustained a compensable injury on April 10, 2023, resulting in her death.

On April 10, 2023, at least eight hours after returning home from work, Lauren Smith, a 40-year-old female paramedic for Fort Bend County EMS passed away at home. According to the autopsy report and the death certificate, Ms. Smith died because of a <u>brain hemorrhage (stroke) due to hypertensive (high blood pressure) cardiovascular disease</u>

CARRIER'S OPPOSED MOTION TO SUBPOENA MEDICAL RECORDS -Page 1

*aggravated by recent amphetamine use.*

The Carrier disputed liability and compensability of the claim and timely issued a PLN-1 based on its investigation that the employee did not sustain a compensable injury on April 10, 2023, that resulted in her death.

The surviving beneficiaries provided a medical report from her psychiatrist Dr. John E. Marcellus indicating that he had treated the decedent for many years on a regular and ongoing basis for ADHD and other conditions and that he had prescribed her Adderall and Vyvanse, amphetamine ADHD stimulant drugs. It is undisputed that Ms. Smith was hypertensive and that she used amphetamines which increase intracranial hypertension and make hemorrhagic strokes more likely.

The surviving beneficiaries also provided a patient history from Dr. Marcellus, indicating the decedent received Adderall and Vyvanse medication from 2012 through 4/03/2023; however, they did not provide any progress notes to show how this medication was monitored based on her complicated pre-existing medical conditions including hypertension, chronic anemia and cigarette smoking or how she used these drugs. (See Exhibit B).

To properly defend this claim, the Carrier is requesting a full and complete copy of the decedent's medical records from this facility for the three-year period from **January 1, 2020, through April 2023** so that the records may be carefully reviewed and submitted to a peer reviewer. These records are being requested pursuant to Rule 142.12 and Rule 142.13 of the Texas Workers' Compensation Act because they are relevant and good cause has been shown.

Based on the above, the Carrier believes good cause exists to grant the Opposed

Motion to Subpoena the Medical Records from **Dr. John Marcellus from January 1, 2020, through April 1, 2023.**

Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC

By: _____

Dean G. Pappas
State Bar No: 15454375
dpappas@dgplawfirm.com
Marilyn J. Allen
State Bar No: 24025225
mallen@dgplawfirm.com
8588 Katy Freeway, Suite100
Houston, Texas 77024
Tel:  (713) 914-6200
Fax:  (713) 914-6201

ATTORNEYS FOR CARRIER
FORT BEND COUNTY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel and parties of record, by certified mail, return receipt requested, facsimile and/or hand-delivery on the 9th day of September 2024 as follows:

*Via Email: russell@mf-txlaw.com*
Russell L. Morris
McBryde Franco, PLLC
11000 Richmond Ave. Suite 350
Houston, TX 77042

_____
Marilyn J. Allen

## CERTIFICATE OF CONFERENCE

I contacted the Claimant's attorney, Russell Morris on 9/4/2024 and he was opposed to the motion.

_____
Marilyn J. Allen

TEXAS DEPARTMENT OF INSURANCE
DIVISION OF WORKERS' COMPENSATION
HOUSTON EAST FIELD OFFICE
HOUSTON, TEXAS

| | | |
|---|---|---|
| Lauren Smith,<br>Claimant | §<br>§<br>§<br>§ | Docket No. 24229142-01 |
| v. | §<br>§ | |
| Fort Bend County,<br>Carrier | §<br>§<br>§ | |

### Order on Motion to Subpoena Medical Records

The Division considered the Carrier's Opposed Motion to Subpoena Claimant's Medical Records from *John E. Marcellus, M.D., Diplomate American Board of Psychiatry and Neurology in Child, Adolescent and Adult Psychiatry*, 4888 Loop Central Drive, Suite 510, Houston, TX 77081, Phone 713-346-1551, Fax: 713-346-1577 pertaining to *Claimant, Lauren Smith, deceased, (SS# xxx-xx-4261; Date of Birth: 10/18/1982)*.

The Division finds good cause exists to obtain the medical records, pursuant to Rule 142.12 and 142.13 of the Texas Workers' Compensation Act.

Based on the above, the Carrier's Opposed Motion to Subpoena Medical Records from **January 1, 2020, through April 1, 2023**, from Dr. John E. Marcellus, Release of Information pertaining to Lauren Smith, decedent is approved.

SIGNED this _____ day of _____, 2024.


_____
Administrative Law Judge


CARRIER'S OPPOSED MOTION TO SUBPOENA MEDICAL RECORDS -Page 5

**APPROVED:**

Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC

By: _____

Marilyn J. Allen
State Bar No: 24025225
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Tel:    (713) 914-6200
Fax:    (713) 914-6201

ATTORNEYS FOR CARRIER
FORT BEND COUNTY



**This subpoena is issued in the name of the State of Texas.**

**To:** Any Sheriff or Constable of the State of Texas or any other person authorized to serve and execute subpoenas under Rule 176.5(a), Texas Rules of Civil Procedure (TRCP)

**Instructions:** You are hereby commanded to summon the person named below to produce and permit inspection and copying of the documents and/or tangible things in the possession, custody, or control of the person summoned, by delivering them to the requesting person at the address indicated.

**Summoned Person:** **Custodian of Records for Dr. John Marcellus, Release of Information**

**Required Action:** Produce and permit inspection and copying of the designated documents or tangible things in the possession, custody, or control of the summoned person.

**Documents and/or Tangible**
**Things to be Produced:** **Medical Records from 01/01/2020 to the 04/01/2023 pertaining to Lauren Smith, *(SS# xxx-xx-4261; Date of Birth: 10/18/1982).***

**Location:** 4888 Loop Central Drive, Suite 510, Houston, TX 77081, Phone 713-346-1551, Fax: 713-346-1577.

**Lauren Smith v. Fort Bend County, Docket Number: 24229142-01**, in the Texas Department of Insurance, Division of Workers' Compensation

**Requested By:** Marilyn J. Allen, 8588 Katy Freeway, Suite #100 Houston, Texas 77024. Telephone: 713-914-6200

**Sanctions Notice:** Failure of any person to comply with a subpoena may result in sanctions under Section 415.021 of the Texas Labor Code. A subpoena may be enforced through the provisions of Section 2001.201 of the Texas Government Code.

This subpoena is issued under my official signature on,

_____
Administrative Law Judge
Texas Department of Insurance
Division of Workers' Compensation

**Proof of Service**

I acknowledge receipt of the above subpoena on _____, and hereby state that the subpoena was executed by personal service of a true and correct copy on said witness, on _____, at _____.m.

_____
Signature of Process Server



# DEAN G. PAPPAS, PLLC

ATTORNEYS AT LAW
8588 KATY FREEWAY
SUITE 100
HOUSTON, TEXAS 77024
TELEPHONE: 713-914-6200
FAX: 713-914-6201

MARILYN ALLEN
mallen@dgplawfirm.com

September 9, 2024

**_Via Facsimile: (512) 804-40111_**
Texas Department of Insurance
Division of Workers' Compensation
P.O. Box 12050
Austin, TX 78711

|     |           |                         |
|-----|-----------|-------------------------|
| Re: | Claimant: | Lauren Smith (Deceased) |
|     | Claim No.: | 6000068                |
|     | Employer: | Fort Bend County        |
|     | DOI:      | 4/10/2023               |
|     | DWC:      | 24229142-01             |

Dear Sir/Madam:

In regard to the above-mentioned case, enclosed please find the following documents for filing:

### 1. **Carrier's Amended Opposed Motion to Subpoena Medical Records from Dr. John Marcellus**

By copy of this letter, all parties are being notified of this filing. Thank you for your courtesy and cooperation.

Sincerely,

DEAN G. PAPPAS LAW FIRM, PLLC

Marilyn Allen

Marilyn Allen

MJA:on/Enclosure

Texas Department of Insurance
Division of Workers' Compensation
September 9, 2024
Page 2


cc:    *Via Email: russell@mf-txlaw.com*
       Russell L. Morris
       McBryde Franco, PLLC
       11000 Richmond Ave. Suite 350
       Houston, TX 77042

STATE OF TEXAS

COUNTY OF HARRIS

Before me the undersigned authority personally appeared Lisa M. Teachey who, being duly sworn by me, upon her oath deposed and stated that she is an attorney with Dean G. Pappas Law Firm, PLLC and represents Fort Bend County in the above entitled and numbered matter and is a custodian of Fort Bend County's files in DWC Docket No. 24229142-01 styled *Lauren Smith (Deceased), Claimant v. Fort Bend County, Insurance Carrier* and Cause No. 2024-78536, styled *In re Joshua David Heiliger, et al v. Texas Department of Insurance, Division of Workers' Compensation, et al* and the documents attached hereto are true and correct copies of the law firm's file copies of the pleadings and filings in these matters.

Signed this 11ᵗʰ day of June, 2025.

Lisa M. Teachey

Subscribed and sworn to before me the undersigned authority, by Lisa M. Teachey, known to me to be the person whose signature is subscribed above on this 11ᵗʰ day of June, 2025.

Notary Public in and for
The State of Texas

My commission expires:



HOPE BURNETT FURLOW
Notary Public, State of Texas
My Commission Expires
June 08, 2026
NOTARY ID 13380210-7

| LAUREN SMITH | § | |
| | § | |
| VS. | § | DWC: 24229142-01 |
| | § | |
| FORT BEND COUNTY, | § | |

## CLAIMAINTS' OBJECTION TO CARRIER'S OPPOSED MOTION TO SUBPOENA MENTAL HEALTH RECORDS FROM DR. JOHN MARCELLUS

TO THE HONORABLE ADMINISTRATIVE LAW JUDGE:

COMES NOW, Joshua Heiliger and Emma Heiliger ("Claimants"), and submits this their Objection to Carrier's Opposed Motion to Subpoena Mental Health Records from Dr. John Marcellus, and would show unto the Honorable Administrative Law Judge the following:

### I.  BACKGROUND FACTS

1.      On or about April 10, 2023, Mrs. Lauren Smith tragically and unexpectedly passed away from a fatal hemorrhagic stroke, occurring just hours after completing an arduous and stressful 48-hour shift as a paramedic with Fort Bend County Emergency Medical Services. Mrs. Smith's husband, Joshua Heiliger, and her adopted daughter, Emma Heiliger, have applied for death benefits, contending, with the support of several medical experts, that the stroke was directly and proximately caused by the strenuous conditions of her recent shift with Fort Bend County EMS.

2.      The Carrier, Fort Bend County, has disputed liability and compensability, citing the Medical Examiner's report, which attributes Mrs. Smith's death to recent amphetamine use that purportedly exacerbated her pre-existing hypertension and cardiovascular disease.

TAB G

3. On or about September 5, 2024, the Carrier filed its Opposed Motion to Subpoena **23 years** of mental health records from Dr. John Marcellus, Mrs. Smith's psychiatrist. The Carrier filed its motion to subpoena mental health records citing Rule 142.12 and Rule 142.13 of the Texas Workers' Compensation Act.

4. The Claimants object to the requested subpoena as the records requested are privileged, confidential, irrelevant, sought for harassment, vague, overbroad, unduly burdensome, and not proportional to the needs of the case, as more thoroughly explained below.

5. Additionally, Claimants have provided extensive medical records regarding Mrs. Smith's medical history, including over 800 pages of her medical records from her primary care physician, pulmonologist, and hospitals that have treated her in the recent years, as well as her prescription history from Dr. Marcellus demonstrating the frequency and dosage of her prescriptions. Thus, the Carrier has all the medical records necessary for Carrier to present its alleged claim that Mrs. Smith's use of her legally prescribed medications is the cause of her untimely and tragic death.

6. In fact, Carrier's expert has had no problem issuing four (4) reports on this issue to date.[1] Likewise, Claimants' expert has had no issue opining as to his belief the stroke and resulting death was directly and proximately caused by the stressful and arduous 48-hour shift Mrs. Smith ended just hours before her untimely death.

7. Thus, Claimants assert the Administrative Law Judge should deny Carrier's motion for subpoena Mrs. Smith's mental health records.

---

[1] Interestingly, the Carrier argued that Claimants' request to depose multiple leadership employees of Fort Bend County, who also responded to Mrs. Smith's home the night she died and also issued a Line of Duty Death Letter to the Claimants, was "immaterial, irrelevant, overly broad," but somehow now believes that 23 years of mental health records, despite having 800+ pages of medical records and a detailed prescription history, should be ordered produced.

## II. OBJECTION TO CARRIER'S MOTION TO SUBPOENA

**The Records Are Confidential Under the Health and Safety Code.**

8. First, the mental health records requested are privileged and confidential between the patient and a professional, such as her psychiatrist, and may not be disclosed except for in extremely limited circumstances – none of which are present here. Tex. Health & Safety Code § 611.002 (a)-(b). Specifically, the code states "[c]ommunications between a patient and professional, and records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional, are confidential." *Id.*

9. Seeing as the Carrier wishes to obtain the "progress notes" and "records" from Mrs. Smith's psychiatrist, the requested records will undeniably contain Mrs. Smith communications as well as any diagnosis, evaluations, or treatments by Dr. Marcellus. Therefore, the records are per se confidential and may not be disclosed unless an enumerated exception applies, or consent of the patient or representative of the patient is provided. The Heiligers do not provide their consent.

10. The statute provides three exceptions,[2] which are not applicable in this case. Section 611.002 states the only exceptions are found in Sections 611.004, 611.0041, and 611.0045."

11. Section 611.004 provides a list of eleven scenarios where a professional may disclose confidential information. *Id.* at §611.004. None of the eleven scenarios enumerated are applicable here or provide a specific basis to authorize or order the disclosure. The only portion that is relevant from 611.004 is subsection (a)(1) that simply says "if the disclosure is required or authorized by law" the records may be disclosed to a governmental agency. However, that does not provide an independent basis to pierce the confidentiality, nor does it make the mental health records relevant,

---

[2] Tex. Health & Safety Code §§ 611.004, 611.0041, 611.0045.

or bring them out of the realm of the request being harassing, abusive, overly burdensome, vague, or not proportional to the needs of the case. This section simply provides a safe harbor for the professional to avoid possible civil or criminal liability for complying with an order to produce the records.

12. Section 611.0041 permits a professional to disclose confidential to the descendant of a patient of a state hospital if the patient has been deceased for 50 years and the professional does have information that disclosure is against the patient's or the estate's previously expressed preference. *Id.* at §611.0041. This clearly does not apply here.

13. Section 611.0045 entitles a patient the right to have access to their own confidential, mental health records. *Id.* at §611.0045. Again, not applicable here.

14. Thus, there is no basis for the Carrier to receive access to Mrs. Smith's mental health records.

## The Mental Health Records are Privileged Under Texas Rules of Evidence.

15. Further, the Carrier does not meet the exceptions under Texas Rule of Evidence Rule 501(d). An exception to the mental health privilege applies only when "a party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition." Tex. R. Evid. 501(d); *In re Richardson Motorsports, Ltd.,* 690 S.W. 3d 42 (Tex. 2024); *R.K. v. Ramirez,* 887 S.W.2d 836, 842 (Tex. 1994). "As a general rule, a mental condition will be 'part' of the claim or defense if the pleadings indicate that the jury must make a factual determination concerning the condition itself." *R.K.,* 887 S.W.2d at 842.

16. The Court also noted simply using a standard of whether the information sought is "relevant" to a party's claim or defense is too broad and as a result, the privilege would cease to

exist. *See Ramirez,* 887 S.W. 2d at 842. ("relevance alone cannot be the test, because such test would ignore the fundamental purpose of evidentiary privileges, which is to preclude discovery and admission of" such information). Thus, Carrier's argument that the records are "relevant" is not the appropriate standard for mental health records, and therefore, Carrier's motion should be denied.

17. Here, Mrs. Smith's condition(s) include attention deficit hyperactive disorder (ADHD) and post-traumatic stress disorder (PTSD). There is not a factual issue in this case related to Mrs. Smith's ADHD or PTSD. The only thing relevant from Dr. Marcellus is the prescriptions for Adderall and Vyvanse – and as previously mentioned, all the records related to such prescriptions have already been turned over to the Carrier. Neither the Carrier nor the Claimants are relying on Mrs. Smith's ADHD or PTSD for any claim or defense in this death benefits claim.

18. Therefore, the mental health privilege exception does not apply, and Mrs. Smith's mental health records are not discoverable. Of note, while the rules of evidence are not necessarily applicable in an administrative proceeding, there is a high likelihood this case will end up in District Court and the production of such records during the administrative proceeding, without regard to the Texas Rules of Evidence and the related privilege, would substantially prejudice the rights of the Claimants as the representatives of Mrs. Smith.

**Irrelevant, Vague, Unduly Burdensome, and Not Proportional to Needs of the Case**

19. Additionally, it is important to notice the Carrier is requesting a full and complete copy of the decedent's mental health records from Dr. Marcellus's facility from January 1, 2000, through April 2023. A **twenty-three (23)** year time period is overly broad, irrelevant, and sought for harassment. Therefore, Claimants object to the Carrier's motion as it is overly broad and irrelevant to the cause of Mrs. Smith's death.

20. The Carrier first requested five (5) years of records in their email correspondence to Claimants' counsel. Then, it is formal request for a subpoena, has now requested 23 years of records. Claimants do not believe any records, which have not already been provided, should not be ordered produced. However, as to Carrier's formal request, 23 years is obviously absurd and solely intended to sway the Administrative Judge to order to five (5) years originally requested.

21. It is difficult to conceive that a timeframe extended by almost fivefold could be construed as anything but unduly burdensome, harassing, and non-proportional. Claimants respectfully request the Administrative Law Judge to view this request for what it is: an attempt to distract the Administrative Law Judge from the irrelevance of the Carrier's request, ignore the confidentiality and privilege rules, and order production of these records.

22. However, Claimants trust the Administrative Law Judge will adhere to the law and rules related to privilege and confidentiality and deny Carrier's request.

## All Medical Records Have Been Provided

23. Lastly but not least, the Carrier is already in possession of all relevant medical records necessary to litigate this case. As noted, Claimants provided 800 pages of medical records from Mrs. Smith's primary care physician, pulmonologist, and hospitals that treated her over the past several years. Additionally, Claimants provided Mrs. Smith's entire prescription history as it relates to the Adderall and Vyvanse she was prescribed by Dr. Marcellus. There is nothing else that is needed for Carrier to have an expert opine on the issue at hand: whether Mrs. Smith's hemorrhagic stroke that occurred within hours of completing a stressful 48-hour shift with Fort Bend County EMS is compensable.

24. The Motion submitted by Carrier states "it is undisputed ... she was hypertensive and that she used amphetamines which increase intracranial hypertension and make hemorrhagic

strokes more likely." This demonstrates Carrier's position and "defense." It also demonstrates the records Claimants have already provided are what the Carrier needs. The Carrier has Mrs. Smith's full medical file, aside from mental health records, and has Mrs. Smith's full prescription history related to amphetamines. The Carrier's expert has issued four (4) reports on this matter and has opined time and again as to her opinion on the cause of the stroke and resulting death at issue. The Claimants' expert has provided two (2) reports regarding the same. Nothing else is needed and the request is solely sought for harassment to further dig into the privacy of Mrs. Smith. The Carrier has not demonstrated sufficient evidence or basis to pierce the confidentiality and privilege of these records. Thus, the request should be denied.

Respectfully submitted,

/s/ Russell L. Morris
Russell L. Morris
State Bar No. 24099150
Andrew W. Bruce
State Bar No. 24113627
Pablo A. Franco
State Bar No. 24121625
MCBRYDE FRANCO, PLLC
11000 Richmond Avenue, Suite 350
Houston, TX 77042
(713) 223-7699
(512) 691-9072 [facsimile]
serv.russell@mf-txlaw.com

**ATTORNEYS FOR CLAIMAINTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded via as indicated below to all counsel on record on this the 9th day of September 2024.

**VIA EMAIL:**

Marilyn J. Allen,
DEAN G. PAPPAS LAW FIRM, PLLC,
8588 Katy Freeway, Suite 100,
Houston, Texas 77024
mallen@dpglawfirm.com

**ATTORNEYS FOR CARRIER**

*/s/ Russell L. Morris*
Russell L. Morris

STATE OF TEXAS

COUNTY OF HARRIS

Before me the undersigned authority personally appeared Lisa M. Teachey who, being duly sworn by me, upon her oath deposed and stated that she is an attorney with Dean G. Pappas Law Firm, PLLC and represents Fort Bend County in the above entitled and numbered matter and is a custodian of Fort Bend County's files in DWC Docket No. 24229142-01 styled *Lauren Smith (Deceased), Claimant v. Fort Bend County, Insurance Carrier* and Cause No. 2024-78536, styled *In re Joshua David Heiliger, et al v. Texas Department of Insurance, Division of Workers' Compensation, et al* and the documents attached hereto are true and correct copies of the law firm's file copies of the pleadings and filings in these matters.

Signed this 11th day of June, 2025.

Lisa M. Teachey

Subscribed and sworn to before me the undersigned authority, by Lisa M. Teachey, known to me to be the person whose signature is subscribed above on this 11th day of June, 2025.

Notary Public in and for
The State of Texas

My commission expires:



HOPE BURNETT-FURLOW
Notary Public, State of Texas
My Commission Expires
June 08, 2026
NOTARY ID 13380210-7

TEXAS DEPARTMENT OF INSURANCE
DIVISION OF WORKERS' COMPENSATION
HOUSTON EAST FIELD OFFICE
HOUSTON, TEXAS

| | | |
|---|---|---|
| Lauren Smith, | § | |
| Claimant | § | |
| | § | |
| | § | Docket No. 24229142-01 |
| v. | § | |
| | § | |
| | § | |
| Fort Bend County, | § | |
| Carrier | § | |

### Order on Motion to Subpoena Medical Records

The Division considered the Carrier's Opposed Motion to Subpoena Claimant's Medical Records from *John E. Marcellus, M.D., Diplomate American Board of Psychiatry and Neurology in Child, Adolescent and Adult Psychiatry*, 4888 Loop Central Drive, Suite 510, Houston, TX 77081, Phone 713-346-1551, Fax: 713-346-1577 pertaining to *Claimant, Lauren Smith, deceased, (SS# xxx-xx-4261; Date of Birth: 10/18/1982)*.

The Division finds good cause exists to obtain the medical records, pursuant to Rule 142.12 and 142.13 of the Texas Workers' Compensation Act.

Based on the above, the Carrier's Opposed Motion to Subpoena Medical Records from **January 1, 2020, through April 1, 2023**, from Dr. John E. Marcellus, Release of Information pertaining to Lauren Smith, decedent is approved.

SIGNED this __19th__ day of ___September___, 2024.

*FrancaOkonkwo*
Administrative Law Judge

TAB H

CARRIER'S OPPOSED MOTION TO SUBPOENA MEDICAL RECORDS -Page 5

**APPROVED:**

Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC

By: _____

        Marilyn J. Allen
        State Bar No: 24025225
        8588 Katy Freeway, Suite 100
        Houston, Texas 77024
        Tel:   (713) 914-6200
        Fax:  (713) 914-6201

ATTORNEYS FOR CARRIER
FORT BEND COUNTY

11/7/2024 12:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 94042471
By: Monica Jackson
Filed: 11/7/2024 12:29 PM

CAUSE NO: _____

| | | |
|---|---|---|
| In re Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger<br>*Petitioner*,<br><br>v.<br><br>Texas Department of Insurance, Division of Workers' Compensation; Cassie Brown, Commissioner, Texas Department of Insurance, Division of Workers' Compensation, in Her Official Capacity; Francesca Okonkwo, Administrative Law Judge, Texas Department of Insurance, Division of Workers' Compensation, in Her Official and Individual Capacities.<br>*Respondents*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br><br>_____ JUDICIAL DISTRICT<br><br><br><br><br><br><br><br><br>HARRIS COUNTY, TEXAS |

## PETITIONER'S VERIFIED ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Petitioner, Joshua Heiliger, individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger ("Petitioner"), and files this his Verified Original Petition for Declaratory Judgment, Application for Temporary Restraining Order, Temporary Injunction, and

STATE OF TEXAS

COUNTY OF HARRIS

Before me the undersigned authority personally appeared Lisa M. Teachey who, being duly sworn by me, upon her oath deposed and stated that she is an attorney with Dean G. Pappas Law Firm, PLLC and represents Fort Bend County in the above entitled and numbered matter and is a custodian of Fort Bend County's files in DWC Docket No. 24229142-01 styled *Lauren Smith (Deceased), Claimant v. Fort Bend County, Insurance Carrier* and Cause No. 2024-78536, styled *In re Joshua David Heiliger, et al v. Texas Department of Insurance, Division of Workers' Compensation, et al* and the documents attached hereto are true and correct copies of the law firm's file copies of the pleadings and filings in these matters.

Signed this 11ᵗʰ day of June, 2025.

_____
Lisa M. Teachey

Subscribed and sworn to before me the undersigned authority, by Lisa M. Teachey, known to me to be the person whose signature is subscribed above on this 11ᵗʰ day of June, 2025.

_____
Notary Public in and for
The State of Texas

My commission expires:



HOPE BURNETT-FURLOW
Notary Public, State of Texas
My Commission Expires
June 08, 2026
NOTARY ID 13380210-7

11/7/2024 12:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 94042471
By: Monica Jackson
Filed: 11/7/2024 12:29 PM

CAUSE NO: _____

| | | |
|---|---|---|
| In re Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger<br>*Petitioner,*<br><br>v.<br><br>Texas Department of Insurance, Division of Workers' Compensation; Cassie Brown, Commissioner, Texas Department of Insurance, Division of Workers' Compensation, in Her Official Capacity; Francesca Okonkwo, Administrative Law Judge, Texas Department of Insurance, Division of Workers' Compensation, in Her Official and Individual Capacities.<br>*Respondents.* | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | IN THE DISTRICT COURT OF<br><br><br><br><br><br>\_\_\_\_\_ JUDICIAL DISTRICT<br><br><br><br><br><br><br><br><br><br>HARRIS COUNTY, TEXAS |

**PETITIONER'S VERIFIED ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Petitioner, Joshua Heiliger, individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger ("Petitioner"), and files this his Verified Original Petition for Declaratory Judgment, Application for Temporary Restraining Order, Temporary Injunction, and

Permanent Injunction against Respondents Texas Department of Insurance, Division of Workers' Compensation; Cassie Brown, Commissioner, Texas Department of Insurance, Division of Workers' Compensation, in Her Official Capacity; Francesca Okonkwo, Administrative Law Judge, Texas Department of Insurance, Division of Workers' Compensation, in Her Official and Individual Capacities, and would show unto the Court as follows:

## DISCOVERY CONTROL PLAN

1. Petitioner intends that discovery in this case be conducted pursuant to Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

## STATEMENT PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 47

2. Petitioner only seeks non-monetary relief, *See* Tex. R. Civ. P 47(c)(3)

## PARTIES AND SERVICE

3. Petitioner, Joshua Heiliger, is an individual residing in the State of Texas.

4. Respondent Texas Department of Insurance Workers' Compensation Division of Workers' Compensation is a political subdivision of the State of Texas that administers and conducts administrative, election, and legal proceedings. Respondents Texas Department of Insurance Workers' Compensation, Division may be served with process at Texas Department of Insurance, Barbara Jordan Building, 1601 Congress Avenue, Austin, Texas 78701. **Issuance of citation for service of process on Respondent Texas Department of Insurance – Worker's Compensation Division at the address and in the manner stated above is hereby requested.**

5. Respondent Cassie Brown, Commissioner, Texas Department of Insurance Workers' Compensation, Division of Workers' Compensation is the head of a political subdivision of the State of Texas that administers and conducts administrative, election, and legal proceedings.

Respondent Cassie Brown, Commissioner, Texas Department of Insurance Workers' Compensation Division may be served with process at Texas Department of Insurance, Barbara Jordan Building, 1601 Congress Avenue, Austin, Texas 78701. **Issuance of citation for service of process on Respondent Cassie Brown, Commissioner, Texas Department of Insurance, Division of Workers' Compensation at the address and in the manner stated above is hereby requested.**

6.      Respondent Francesca Okonkwo, Administrative Law Judge, Texas Department of Insurance Workers' Compensation, Division of Workers' Compensation is an appointed administrative law judge of the Texas Department of Insurance, Division of Workers' Compensation which is a political subdivision of the State of Texas that administers and conducts administrative, election, and legal proceedings. Respondent Francesca Okonkwo, Administrative Law Judge, Texas Department of Insurance Workers' Compensation Division may be served with process at Texas Department of Insurance, Division of Workers' Compensation, Houston East Field Office, 5425 Polk St. Houston, Texas 77023. **Issuance of citation for service of process on Respondent Francesca Okonkwo, Administrative Law Judge, Texas Department of Insurance, Division of Workers' Compensation at the address and in the manner stated above is hereby requested.**

<u>JURISDICTION AND VENUE</u>

7.      Pursuant to Texas Civil Practice & Remedies Code § 15.002, venue is proper in Harris County, Texas because all or a substantial part of the events which form the basis of this lawsuit were performed in Harris County. Additionally, venue is proper in Harris County pursuant to Texas Health and Safety Code §611.005 as Petitioner resides in Harris County.

8. This Court has subject matter jurisdiction over this case as the damages sought are within the jurisdictional limits of this Court.

## BACKGROUND FACTS

9. Petitioner respectfully appears before this Court seeking a declaration of rights and equitable relief to protect his rights and privileges as conferred by Texas law in an impending administrative proceeding, as well as the likely subsequent judicial review in District Court after the administrative remedies have been exhausted pertaining to a death benefits claim pursuant to the Texas Workers' Compensation Act.

10. The central issue before this Court is whether the Administrative Law Judge, Ms. Francesca Okonkwo, overseeing Petitioner's death benefits claim, pursuant to the Texas Worker's Compensation statutes, violated Texas Law (and Petitioner's rights) by issuing an administrative subpoena, and subsequent order to compel, ordering the production and disclosure of privileged and confidential mental health records of Petitioner's deceased spouse, Mrs. Lauren Brittane Smith.

11. Petitioner asserts that Respondents, by virtue of the issued subpoena and order compelling production, have violated Texas Health and Safety Code Section 611.002, which deems such records privileged and confidential and only subject to disclosure in very limited circumstances – none of which are applicable here.

12. Additionally, Petitioner believes Respondents, via the subpoena and subsequent order to compel, have exceeded the express statutory authority conferred upon Respondents. *See* Tex. Admin. Code Section 142.12(a)-(f)(administrative subpoenas). The express legislative authority delegated upon Respondents permits the issuance of either a "deposition subpoena" or a "hearing subpoena," commanding/summoning a person to appear and either testify or produce

Certified Document Number: 117409688 - Page 4 of 20

evidence **at a deposition or at a hearing**. The subpoena at issue solely commands the production of records – without requiring the individual commanded to appear at a deposition or at a hearing. Moreover, the subpoena does not have a time for compliance – yet, the Administrative Law Judge has issued a Motion to Compel. *See* Exhibits A and C. Thus, the subpoena does not comply with the Texas Administrative Code and is improper on its face. *See* Exhibit G.

13.    Considering the statutory protections, and binding Texas Supreme Court precedent on the privileged nature of mental health records, as well as the express legislative authority delegated to Respondents, Petitioner respectfully requests this Court declare the mental health records of Mrs. Lauren Brittane Smith privileged and confidential, and order the Respondents to vacate the subpoena and subsequent order compelling production and disclosure of the privileged and confidential mental health records.

14.    Further, upon hearing and ultimately trial in this cause, Petitioner respectfully requests this Court issue a temporary, and subsequently a permanent, injunction preventing Respondents from seeking, enforcing, or compelling the production and disclosure of the privileged mental health records of Mrs. Lauren Brittane Smith.

Administrative Procedural History for Underlying Death Benefits Claim

15.    On or about April 10, 2023, Mrs. Lauren Smith (deceased), a dedicated paramedic with Fort Bend County Emergency Medical Services (FBEMS), tragically suffered fatal stroke shortly after returning home after ending an arduous 48-hour shift as a shift supervisor with FBEMS.

16.    On or about April 2, 2024, Petitioner Joshua Heiliger, the surviving spouse of Mrs. Smith, timely filed a death benefits claim with the Texas Department of Insurance – Worker's

Certified Document Number: 117409688 - Page 5 of 20

Compensation Division on behalf of himself and his daughter, Ms. Emma Heiliger, in accordance with the statutory limitations period.[1]

17. Fort Bend County (the "County"), a self-insured entity and thus acting as both the employer and the carrier, has contested whether Mrs. Smith's stroke qualifies as compensable work-related injury. *See* Exhibit J (Denial of Liability/Compensability). The parties are currently navigating the required statutory administrative process before seeking judicial review.

18. Specifically, the County contests the compensability of the stroke based on the autopsy conducted by the Fort Bend County Medical Examiner, who attributed the cause of Mrs. Smith's stroke to "Hypertensive cardiovascular disease aggravated by recent amphetamine use," referencing the presence of amphetamines (due to Mrs. Smith's legally prescribed use of Adderall and Vyvanse) in the Fort Bend County Medical Examiner's toxicology report. *See* Exhibit J.

19. Petitioner was shocked upon receiving the Medical Examiner's report (*six weeks after Mrs. Smith's passing*), particularly because Mrs. Smith had been legally prescribed and had taken, Adderall and Vyvanse for over 20 years without incident. Petitioner sought opinions from Mrs. Smith's treating physicians, including her Primary Care Physician, Pulmonologist (who recently treated her for severe COVID-19 prior to her death), and Psychiatrist (who prescribed the Adderall and Vyvanse). All disagreed with the Medical Examiner's conclusion, asserting that Mrs. Smith's legally prescribed medications did not cause her stroke and that it was more likely her recent 48-hour shift as a first responder is what led to the stroke.

20. Both Petitioner and the County have engaged medical experts during the administrative process. The County's expert supports the medical examiner's findings that Mrs.

---

[1] Ms. Emma Heiliger is also the adopted daughter of Mrs. Lauren Smith.

Smith's use of legally prescribed amphetamines, in conjunction with her pre-existing hypertension, caused her stroke. In contrast, Petitioner's expert disagrees and has opined that it is unlikely the lawfully prescribed medications caused the stroke given the length of time Mrs. Smith had been taking the same dosage of the medications; suggesting instead that Mrs. Smith's recent 48-hour shift as a first responder more likely contributed to her untimely death.

21. After attending two required benefit review conferences ("BRCs") with the Texas Department of Insurance, Division of Workers' Compensation, a Contested Case Hearing ("CCH") was scheduled for September 25, 2024.

22. This hearing occurred, but did not finish as scheduled and has been rescheduled for November 15, 2024.

Administrative Subpoena Requesting Mental Health Records

23. On or about September 4, 2024, the County, through their counsel, requested Petitioner turn over five (5) years of Mrs. Smith's mental health records from her psychiatrist, Dr. John Marcellus. Petitioner objected to the request on the basis "these materials are irrelevant, sought for harassment, and most importantly privileged and/or confidential and not subject to disclosure or discovery."

24. Thereafter, on or about September 5, 2024, the County requested an administrative subpoena from the Texas Department of Insurance, Division of Workers' Compensation, for the disclosure of 23 years of Mrs. Smith's mental health records. *See* Exhibit A. Petitioner timely objected to this request on the same basis as previously asserted. *See* Exhibit B. On the same day as Petitioner's objection, the County amended its request, reducing the scope to 3 years of records. *See* Exhibit A.

Certified Document Number: 117409688 - Page 7 of 20

25. On or about September 6, 2024, the Administrative Law Judge, Ms. Francesca Okonkwo, denied the County's original request for 23 years of records, which was received by Petitioner on or about September 13, 2024.

26. The originally scheduled Contested Case Hearing occurred on or about September 25, 2024. During this hearing, the subpoena or request for mental health records was not addressed by any party.

27. Later, on or about October 21, 2024, almost 30-days later, Petitioner was informed by the County the Administrative Law Judge had in fact granted its request for an amended subpoena on or about September 19, 2024, ordering the production and disclosure of the Mrs. Smith's mental health records from January 1, 2020, to April 10, 2023. *See* Exhibit A.

28. Neither Petitioner nor his counsel received previous notification of this order from the County, the Administrative Law Judge, or the Texas Department of Insurance, Division of Workers' Compensation.

29. The subpoena issued by the Administrative Law Judge does not comply with the requirements of the Texas Administrative Code and exceeds the express legislative authority conferred upon Respondents. *See* Tex. Admin. Code Section 142.12. Specifically, the subpoena does not command or summon the custodian of records to appear for a deposition or a hearing. Rather, it only commands or summons the custodian of records to produce for inspection and copying the mental health records. Moreover, the subpoena does not have a time for compliance. *See* Exhibit A.

30. This is directly contrary to the express language of Texas Administrative Code, Section 142.12 – the legal basis of the subpoena itself. *See* Tex. Admin. Code §142.12(a)(3) (Definitions . . . Subpoena – A division order issued by the administrative law judge requiring a

Certified Document Number: 117409688 - Page 8 of 20

person to attend or produce evidence **at a deposition (deposition subpoena) or at a hearing (hearing subpoena)**; *see also*, Tex. Admin. Code §142.12(c) (Request for subpoena. A party may request a subpoena in the following manner: (1) If the requester is a carrier . . . the request shall: **(C) state whether the subpoena is for a deposition or a hearing);** Tex. Admin. Code §142.12(f) (costs for "**attend[ing] a hearing or deposition**.") (emphasis added).

31.     Between on or about September 19, 2024, and the present, the County has attempted to obtain Mrs. Smith's privileged and confidential mental health records pursuant to this administrative subpoena. In addition to emailing and faxing the subpoena request to Dr. Marcellus' office, legal staff for the County, as well as a third-party service provider hired by the County, have placed phone calls into Dr. Marcellus' office between 1-3 times per day. *See* Exhibit E and Exhibit I.

32.     On or about October 28, 2024, the County filed a Motion to Compel the production and disclosure of the records with the Administrative Law Judge asking for an Order to compel the production and disclosure pursuant to the subpoena. *See* Exhibit C.

33.     On or about October 29, 2024, Petitioner filed a response to the Motion to Compel pointing out that County had not yet properly served the subpoena (and thus the issue was not yet ripe), and that the subpoena was deficient as it failed to provide a time for compliance. *See* Exhibit D.

34.     Additionally, on or about October 30, 2024, Petitioner filed a Motion for Reconsideration and to Vacate the Subpoena on the grounds that the Mental Health Records are confidential and privileged under the Health and Safety Code, and the Texas Rules of Evidence, the subpoena as issued exceeds the express statutory authority delegated per the Texas Administrative Code, and the subpoena does not contain a time for compliance. *See* Exhibit E.

Certified Document Number: 117409688 - Page 10 of 20

35.     On or about November 4, 2024, Petitioner received notification from the Texas Department of Insurance, Division of Workers' Compensation the Administrative Law Judge, Ms. Francesca Okonkwo, granted the County's Motion to Compel, Petitioner's objections. *See* Exhibit F.

### *The Texas Health and Safety Code Confidentiality of Mental Health Records*

36.     Per the Texas Health and Safety Code, Section 611.002, the mental health records requested are privileged and confidential between the patient and a professional, such as her psychiatrist, and may not be disclosed except for in extremely limited circumstances – none of which are present here. Tex. Health & Safety Code § 611.002 (a)-(b). Specifically, the code states "[c]ommunications between a patient and professional, and records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional, are confidential." *Id; see also,* Exhibit H.

37.     Seeing as the County wishes to obtain the "progress notes" and "records" from Mrs. Smith's psychiatrist, the requested records will undeniably contain Mrs. Smith communications as well as any diagnosis, evaluations, or treatments by Dr. Marcellus. **Therefore, the records are per se confidential and may not be disclosed unless an enumerated exception applies, or consent of the patient or representative of the patient is provided.** *See* Tex. Health & Safety Code, § 611.002 (a)-(b). The Petitioner does not provide consent.

38.     The Texas Health and Safety Code provides three exceptions, none of which are applicable in this case. The Texas Health and Safety Code, Section 611.002, states the only exceptions to the confidential and privileged status of mental health records, permitting disclosure, are found in Sections 611.004, 611.0041, and 611.0045.

39.     Section 611.004 provides a list of eleven scenarios where a professional may disclose confidential information without being liable for improper disclosure. *Id.* at § 611.004. None of the eleven scenarios enumerated are applicable here or provide a specific basis to authorize or order the disclosure.

40.     The only portion that is relevant from Section 611.004 is subsection (a)(1) which simply says "if the disclosure is required or authorized by law" the records may be disclosed to a governmental agency. However, this does not provide an independent basis to pierce the confidentiality and privilege, nor does it make the mental health records relevant and material or bring them out of the realm of the request being harassing, abusive, overly burdensome, vague, or not proportional to the needs of the case. This section simply provides a safe harbor for the professional to avoid possible civil or criminal liability for complying with an order to produce the records.

41.     Section 611.0041 permits a professional to disclose confidential to the descendant of a patient of a state hospital if the patient has been deceased for 50 years and the professional does have information that disclosure is against the patient's or the estate's previously expressed preference. *Id.* at §611.0041. This clearly does not apply here.

42.     Section 611.0045 entitles a patient the right to have access to their own confidential, mental health records. *Id.* at §611.0045. Again, not applicable here.

43.     Thus, there is no basis in fact or law for the County to receive access to Mrs. Smith's mental health records.

### *The Texas Rules of Evidence and Texas Supreme Court Case Law on Privilege and Confidentiality of Mental Health Records*

44.     Per the Texas Supreme Court and the Texas Rules of Evidence, the standard for whether mental health records are subject to discovery in a legal dispute is whether the "records

are 'relevant to the condition at issue' and whether the condition itself is of legal consequence to a claim or defense." *R.K. v. Ramirez*, 887 S.W.2d 836, 842 (Tex. 1994) ("As a general rule, a mental condition will be 'part' of the claim or defense if the pleadings indicate that the jury must make a factual determination concerning the condition itself.").

45. The only issue of dispute in this case is whether Mrs. Smith's stroke resulted from her use of legally prescribed amphetamines (as argued by the County) or whether it was a result of the 48-hour shift she had just ended mere hours prior to the stroke (as argued by the Petitioner). There is nothing in this case that revolves around or turns on whether Mrs. Smith had ADHD or PTSD such that a fact finder would be required to make a finding of these conditions themselves. *See* Exhibit J. Moreover, the prescription records, which dictate the dosage and frequency of refills – which would be useful to the County's "defense" – have already been turned over in their entirety. Thus, the County is on a fishing expedition.

46. Petitioner, as the surviving spouse and party representative of Mrs. Lauren Smith's estate, does not consent to the release of his wife's mental health records and now seeks equitable relief in the form of a Declaratory Judgment that said records are confidential and privileged and a Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, requesting that the Court preventing Respondents from enforcing its orders compelling production and disclosure of said mental health records and to order the Respondents to vacate its orders granting a subpoena and compelling production of the privileged and confidential mental health records of Mrs. Smith.

### EVIDENCE IN SUPPORT OF RELIEF REQUESTED

47. The following exhibits are offered in support of the requested relief and fully incorporated as if restated herein:

EXHIBIT A:  COUNTY'S ORIGINAL AND AMENDED MOTION FOR SUBPOENA OF MENTAL

HEALTH RECORDS, ORDER, AND SUBPOENA

EXHIBIT B:  PETITIONER'S OBJECTION TO SUBPOENA REQUEST

EXHIBIT C:  COUNTY'S MOTION TO COMPEL PRODUCTION OF MENTAL HEALTH

RECORDS

EXHIBIT D:  PETITIONER'S RESPONSE TO MOTION TO COMPEL

EXHIBIT E:  PETITIONER'S MOTION FOR RECONSIDERATION AND TO VACATE SUBPOENA

EXHIBIT F:  ADMINISTRATIVE LAW JUDGE'S ORDER COMPELLING PRODUCTION OF

MENTAL HEALTH RECORDS

EXHIBIT G:  TEXAS ADMINISTRATIVE CODE, SECTION 142.12

EXHIBIT H:  TEXAS HEALTH AND SAFETY CODE

EXHIBIT I:  DECLARATION OF GERRI BAKER

EXHIBIT J:  DENIAL OF LIABILITY/COMPENSABILITY

## CAUSES OF ACTION

*Declaratory Judgment*

48.    All factual allegations set forth above are incorporated by reference in support of this cause of action.

49.    Petitioner asks that the Court determine and declare:

   a. The mental health records and progress notes of Mrs. Lauren Brittane Smith, sought by the County from Dr. John Marcellus ("Mental Health Records"), consist of confidential communications between a patient and a professional.

   b. The Mental Health Records include details regarding the patient's identity, diagnosis, evaluation, or treatment, created and maintained by a professional, as defined under the Health and Safety Code, Section 611.002(a).

c. The Mental Health Records are confidential and may not be disclosed except as permitted by Texas Health and Safety Code, Section 611.002(a) (Confidentiality of Information and Prohibition Against Disclosure);

d. The Mental Health Records are confidential and privileged pursuant to Texas Rules of Evidence, Rules 509-510, and may only be disclosed as permitted by these rules or the case law interpreting these rules;

e. Disclosure of the Mental Health Records in the current administrative proceeding is only authorized under Texas Health and Safety Code, Sections 611.004, 611.0041, or 611.045, as outlined in Section 611.002(b).

f. Texas Health and Safety Code, Sections 611.004 and 611.0041 governs disclosure, whether permissive or mandatory, in contexts "other than Judicial or Administrative Proceedings," and therefore, do not apply to the current matter which is pending in an administrative proceeding;

g. Texas Health and Safety Code, Section 611.045 (Right to Mental Health Record) provides an independent right of access to Mental Health Records solely to the patient;

h. The Administrative Law Judge's order dated September 19, 2024, and the resulting subpoena, exceed the express legislative authority delegated to the Texas Department of Insurance, Division of Workers' Compensation as it does not summon or compel appearance or production of evidence or testimony at a deposition or hearing, as required by the Texas Administrative Code, Section 142.12;

i. The Administrative Law Judge's order dated September 19, 2024, which granted an administrative subpoena to produce, and disclose, Mrs. Smith's Mental Health Records violates Section 611.002 of the Health and Safety Code; and,

j. The Administrative Law Judge's order dated October 30, 2024, which granted the County's Motion to Compel production and disclosure of Mrs. Smith's Mental Health Records violates Section 611.002 of the Health and Safety Code.

k. The Administrative Law Judge's orders, as detailed in subsection (h), (i), and (j) violate Petitioners' rights to privilege and confidentiality as codified in the Texas Health and Safety Code, Section 611.002, as well as the Texas Rules of Evidence, Rules 509-510.

Certified Document Number: 117409688 - Page 14 of 20

*Temporary Restraining Order, Temporary Injunction, and Permanent Injunction*

50.     Petitioner will suffer immediate and irreparable harm, loss, and damage in the form of improper disclosure, as recognized by the Texas Health and Safety Code Section 611.005 ("Legal Remedies for Improper Disclosure" creating an independent cause of action for damages) of his wife's mental health records directly resulting from Respondents' wrongful acts unless a Temporary Restraining Order is entered in this matter.

51.     There is an imminent danger that Petitioner will continue to incur immediate and irreparable injury, loss, and damage if the Respondents are not ordered to refrain from these actions. Petitioner has no adequate remedy at law due to the nature of the Administrative Subpoena at issue and the lack of an alternative remedy in the Administrative process. *See In re Fort Worth Children's Hops.*, 100 S.W.3d 582, 587 (Tex. App. – Fort Worth, 2003, orig. proceeding) ("A discovery order is improper if it compromises a person's right to possible claims of privilege or mandates the disclosure of privileged information that exceeds the scope of discovery" and "[r]emedy by appeal in that case is ineffective because, once revealed, the documents cannot be protected.").

52.     The irreparable injury which Petitioner seeks to avoid by obtaining equitable relief arises from the very nature of the privilege and confidentiality that attaches to the Mental Health Records being sought by the County and ordered disclosed by Respondents. The Legislature has gone so far as to explicitly protect these Mental Health Records except in very limited circumstances – none of which are applicable here. If these Mental Health Records are disclosed, the resulting harm is irreparable as Petitioner will have no further recourse to enforce the privilege and confidential nature of these records in either the administrative phase or the judicial review

phase if these Mental Health Records are improperly disclosed. *See In re Fort Worth Children's Hops.*, 100 S.W.3d 582, 587 (Tex. App. – Fort Worth, 2003, orig. proceeding) ("A discovery order is improper if it compromises a person's right to possible claims of privilege or mandates the disclosure of privileged information that exceeds the scope of discovery" and "[r]emedy by appeal in that case is ineffective because, once revealed, the documents cannot be protected.").

53. Likely, the County will be utilizing the same expert witness[2] at the de novo judicial review of this matter, and even if a subsequent Court finds the Mental Health Records (or the information contained therein) inadmissible pursuant to the Texas Rules of Evidence, Rule 509-510, the County and its expert(s) will already have reviewed these Mental Health Records by way of this disclosure occurring at the administrative phase pursuant to Respondents' orders.

54. There is a strong probability that Petitioner has a meritorious right of recovery against Respondents should the improper disclosure occur given the facts and legal framework outlined above. While the disclosure has not yet occurred, the risk of improper disclosure and resulting irreparable harm – given the scope of administrative subpoena, and the steps taken by the County to get the Mental Health Records via the subpoena – is substantial enough to warrant seeking the Court's immediate relief. Due to the difficulty of precisely measuring any monetary damages incurred as a result of improper disclosure of protected Mental Health Records, injunctive relief is required to adequately limit its damages, and to prevent future injury.

55. Petitioner respectfully requests the Court issue a temporary restraining order and to grant such other injunctive relief against Respondents, and all those in active concert and participation with it, to prevent the improper disclosure of his wife's Mental Health Records in violation of Texas law.

---

[2] Even if they change expert witnesses, the Mental Health Records will already be in possession of the County.

56.     Petitioner seeks a temporary restraining order that Respondents, and those persons in active concert or participation with Respondents who receive notice of this Order, by personal service, through their counsel of record, or otherwise, including facsimile transmission or email, be immediately ordered to refrain from directly or indirectly:

    **a.**  disclosing or using any of Lauren Smith's Mental Health Records from Dr. John Marcellus;

    **b.**  ordering, requesting, or seeking to obtain any of Lauren Smith's Mental Health Records from Dr. John Marcellus;

    **c.**  enforcing the orders of Ms. Francesca Okonkwo, Administrative Law Judge, dated September 19, 2024, and October 30, 2024, granting the administrative subpoena for Lauren Smith's records from Dr. John Marcellus and compelling production and disclosure of Lauren Smith's records from Dr. John Marcellus, respectively; and,

    **d.**  sanctioning, or seeking to impose sanctions, or any other type of administrative penalty or recourse against Petitioner for withholding consent to provide or produce the privileged records pertaining to Mrs. Lauren Brittane Smith from Dr. John Marcellus.

57.     Petitioner further seeks a temporary injunction and, upon final trial hereof, a permanent injunction as set forth herein.

58.     Unless they are enjoyed, the Respondents, and those acting in concert with Respondents, have made it apparent they will continue to seek to obtain Lauren Smith's Mental Health Records in violation of Texas Law. If not restrained, these actions will cause, and continue to cause, imminent and irreparable harm for which there is no adequate remedy at law. In the absence of a temporary restraining order and an injunction, Respondents, and the County, will continue to engage in activities directly contrary to the Legislative protections and privileges to shield the improper disclosure of Mental Health Records.

Certified Document Number: 117409688 - Page 17 of 20

59. Should the improper disclosure occur, Petitioner has a probable right of recovery against Respondents, and others, for the improper disclosure of said Mental Health Records.

60. Petitioner has provided Respondents with sufficient notice of this application and the hearing on the merits, consistent with Texas Rule of Civil Procedure 681.

61. Petitioner is willing and able to post bond, as ordered by the Court, in support of any injunctive order issued by the Court. However, given the nature of this action is solely for equitable relief and there is no amount in controversy, Petitioner would ask the Court waive the necessity of posting a bond.

### NOTICE PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 193.7

62. Please take notice that pursuant to Texas Rule of Civil Procedure Section 193.7, Petitioner intend to use any and all documents produced in response to written discovery by Respondents, all other parties to this action, against such party in any pretrial proceeding and in trial of this cause.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner pray that Respondents Fort Bend County be cited to appear and answer herein and that upon trial or final hearing Petitioner has judgment of this Court as follows:

l. A temporary restraining order;

m. A temporary and permanent injunction;

n. Declaratory judgment; and

o. Such other equitable and legal relief to which Petitioner may be justly entitled.

Respectfully submitted,

*/s/ Russell L. Morris*
Russell L. Morris
State Bar No. 24099150
Andrew W. Bruce
State Bar No. 24113627
Pablo A. Franco
State Bar No. 24121625
MCBRYDE FRANCO, PLLC
11000 Richmond Avenue, Suite 350
Houston, TX 77042
(713) 223-7699
(512) 691-9072 [facsimile]
serv.russell@mf-txlaw.com

**ATTORNEYS FOR PETITIONER**

Certified Document Number: 117409688 - Page 19 of 20

## VERIFICATION

The undersigned states under oath: "I am the Petitioner in the above styled matter. I have read the information contained in paragraphs 9-35, and 50-55, of the above pleading, and the statements contained therein are within my personal knowledge and are true and correct to the best of my knowledge."

_____
Joshua David Heiliger,

*Pursuant to Texas Civil Practice and Remedies Code Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath or affidavit required by statute or required by rule, order or requirement adopted as provided by law.*

"My name is Joshua David Heiliger, my date of birth is __2/9/73__, and my address is __1748 Nina Le__, __Houston__, __Tx__, __77018__, and __Harris__.

(Street)          (City)          (State)          (Zip Code)          (Country)

I declare under penalty of perjury that the foregoing is true and correct.

Executed in __Harris__ County, State of __Texas__, on the __6__ day of November 2024.

_____

Declarant"

Certified Document Number: 117409688 - Page 20 of 20



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 11, 2025

Certified Document Number:        117409688 Total Pages:  20

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Vernon's Texas Statutes and Codes Annotated
    Government Code (Refs & Annos)
        Title 10. General Government (Refs & Annos)
            Subtitle A. Administrative Procedure and Practice
                Chapter 2001. Administrative Procedure (Refs & Annos)
                    Subchapter H. Court Enforcement (Refs & Annos)

V.T.C.A., Government Code § 2001.201

§ 2001.201. Court Enforcement of Subpoena or Commission

Currentness

(a) If a person fails to comply with a subpoena or commission issued under this chapter, the state agency issuing the subpoena or commission, acting through the attorney general, or the party requesting the subpoena or commission may bring suit to enforce the subpoena or commission in a district court in Travis County or in the county in which a hearing conducted by the agency may be held.

(b) A court that determines that good cause exists for the issuance of the subpoena or commission shall order compliance with the subpoena or commission. The court may hold in contempt a person who does not obey the order.

**Credits**
Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993.

V. T. C. A., Government Code § 2001.201, TX GOVT § 2001.201
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.001

§ 611.001. Definitions

Currentness

In this chapter:

(1) "Patient" means a person who consults or is interviewed by a professional for diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, including alcoholism or drug addiction.

(2) "Professional" means:

(A) a person authorized to practice medicine in any state or nation;

(B) a person licensed or certified by this state to diagnose, evaluate, or treat any mental or emotional condition or disorder; or

(C) a person the patient reasonably believes is authorized, licensed, or certified as provided by this subsection.

**Credits**
Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991.

**Editors' Notes**

**REVISOR'S NOTE**

**2017 Main Volume**

The source law refers to a "patient/client." The dual term used by the source law does not add any substance to the source law. Therefore, the revised law omits the reference to "client."

Notes of Decisions (6)

V. T. C. A., Health & Safety Code § 611.001, TX HEALTH & S § 611.001



Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.002

§ 611.002. Confidentiality of Information and Prohibition Against Disclosure

Currentness

(a) Communications between a patient and a professional, and records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional, are confidential.

(b) Confidential communications or records may not be disclosed except as provided by Section 611.004, 611.0041, or 611.0045.

(b-1) No exception to the privilege of confidentiality under Section 611.004 may be construed to create an independent duty or requirement to disclose the confidential information to which the exception applies.

(c) This section applies regardless of when the patient received services from a professional.

**Credits**
Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991. Amended by Acts 1993, 73rd Leg., ch. 903, § 1.11, eff. Aug. 30, 1993; Acts 2021, 87th Leg., ch. 633 (H.B. 549), § 1, eff. Sept. 1, 2021.

**Editors' Notes**

**REVISOR'S NOTE**

**2017 Main Volume**

The source law refers to a "patient/client." The revised law substitutes the term "patient" for the reason stated in the revisor's note under Section 611.001.

Notes of Decisions (8)

V. T. C. A., Health & Safety Code § 611.002, TX HEALTH & S § 611.002
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
Health and Safety Code (Refs & Annos)
Title 7. Mental Health and Intellectual Disability
Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.003

§ 611.003. Persons Who May Claim Privilege of Confidentiality

Currentness

(a) The privilege of confidentiality may be claimed by:

(1) the patient;

(2) a person listed in Section 611.004(a)(4) or (a)(5) who is acting on the patient's behalf; or

(3) the professional, but only on behalf of the patient.

(b) The authority of a professional to claim the privilege of confidentiality on behalf of the patient is presumed in the absence of evidence to the contrary.

**Credits**
Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991.

**Editors' Notes**

**REVISOR'S NOTE**

**2017 Main Volume**

The source law refers to a "patient/client." The revised law substitutes the term "patient" for the reason stated in the revisor's note under Section 611.001.

Notes of Decisions (1)

V. T. C. A., Health & Safety Code § 611.003, TX HEALTH & S § 611.003
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**                                   © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.004

§ 611.004. Authorized Disclosure of Confidential Information Other than in Judicial or Administrative Proceeding

Currentness

(a) A professional may disclose confidential information only:

(1) to a governmental agency if the disclosure is required or authorized by law;

(2) to medical, mental health, or law enforcement personnel if the professional determines that there is a probability of imminent physical injury by the patient to the patient or others or there is a probability of immediate mental or emotional injury to the patient;

(3) to qualified personnel for management audits, financial audits, program evaluations, or research, in accordance with Subsection (b);

(4) to a person who has the written consent of the patient, or a parent if the patient is a minor, or a guardian if the patient has been adjudicated as incompetent to manage the patient's personal affairs;

(5) to the patient's personal representative if the patient is deceased;

(6) to individuals, corporations, or governmental agencies involved in paying or collecting fees for mental or emotional health services provided by a professional;

(7) to other professionals and personnel under the professionals' direction who participate in the diagnosis, evaluation, or treatment of the patient;

(8) in an official legislative inquiry relating to a state hospital or state school as provided by Subsection (c);

(9) to designated persons or personnel of a correctional facility in which a person is detained if the disclosure is for the sole purpose of providing treatment and health care to the person in custody;

(10) to an employee or agent of the professional who requires mental health care information to provide mental health care services or in complying with statutory, licensing, or accreditation requirements, if the professional has taken appropriate action to ensure that the employee or agent:

(A) will not use or disclose the information for any other purposes; and

(B) will take appropriate steps to protect the information; or

(11) to satisfy a request for medical records of a deceased or incompetent person pursuant to Section 74.051(e), Civil Practice and Remedies Code.

(a-1) No civil, criminal, or administrative cause of action exists against a person described by Section 611.001(2)(A) or (B) for the disclosure of confidential information in accordance with Subsection (a)(2). A cause of action brought against the person for the disclosure of the confidential information must be dismissed with prejudice.

(b) Personnel who receive confidential information under Subsection (a)(3) may not directly or indirectly identify or otherwise disclose the identity of a patient in a report or in any other manner.

(c) The exception in Subsection (a)(8) applies only to records created by the state hospital or state school or by the employees of the hospital or school. Information or records that identify a patient may be released only with the patient's proper consent.

(d) A person who receives information from confidential communications or records may not disclose the information except to the extent that disclosure is consistent with the authorized purposes for which the person first obtained the information. This subsection does not apply to a person listed in Subsection (a)(4) or (a)(5) who is acting on the patient's behalf.

**Credits**

Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991. Amended by Acts 1995, 74th Leg., ch. 856, § 8, eff. Sept. 1, 1995; Acts 1999, 76th Leg., ch. 1264, § 1, eff. Sept. 1, 1999; Acts 2005, 79th Leg., ch. 138, § 1, eff. Sept. 1, 2005; Acts 2021, 87th Leg., ch. 633 (H.B. 549), § 2, eff. Sept. 1, 2021.

Notes of Decisions (20)

V. T. C. A., Health & Safety Code § 611.004, TX HEALTH & S § 611.004
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**
© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.0041

§ 611.0041. Required Disclosure of Confidential Information Other than in Judicial or Administrative Proceeding

Currentness

(a) In this section:

(1) "Patient" has the meaning assigned by Section 552.0011.

(2) "State hospital" has the meaning assigned by Section 552.0011.

(b) To the extent permitted by federal law, a professional shall disclose confidential information to the descendant of a patient of a state hospital if:

(1) the patient has been deceased for at least 50 years; and

(2) the professional does not have information indicating that releasing the medical record is inconsistent with any prior expressed preference of the deceased patient or personal representatives of the deceased patient's estate.

(c) A person who receives information from confidential communications or records may not disclose the information except to the extent that disclosure is consistent with the authorized purposes for which the person first obtained the information.

**Credits**
Added by Acts 2019, 86th Leg., ch. 1088 (H.B. 1901), § 1, eff. Sept. 1, 2019.

V. T. C. A., Health & Safety Code § 611.0041, TX HEALTH & S § 611.0041
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Health and Safety Code (Refs & Annos)
        Title 7. Mental Health and Intellectual Disability
            Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
                Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.0045

§ 611.0045. Right to Mental Health Record

Currentness

(a) Except as otherwise provided by this section, a patient is entitled to have access to the content of a confidential record made about the patient.

(b) The professional may deny access to any portion of a record if the professional determines that release of that portion would be harmful to the patient's physical, mental, or emotional health.

(c) If the professional denies access to any portion of a record, the professional shall give the patient a signed and dated written statement that having access to the record would be harmful to the patient's physical, mental, or emotional health and shall include a copy of the written statement in the patient's records. The statement must specify the portion of the record to which access is denied, the reason for denial, and the duration of the denial.

(d) The professional who denies access to a portion of a record under this section shall redetermine the necessity for the denial at each time a request for the denied portion is made. If the professional again denies access, the professional shall notify the patient of the denial and document the denial as prescribed by Subsection (c).

(e) If a professional denies access to a portion of a confidential record, the professional shall allow examination and copying of the record by another professional if the patient selects the professional to treat the patient for the same or a related condition as the professional denying access.

(f) The content of a confidential record shall be made available to a person listed by Section 611.004(a)(4) or (5) who is acting on the patient's behalf.

(g) A professional shall delete confidential information about another person who has not consented to the release, but may not delete information relating to the patient that another person has provided, the identity of the person responsible for that information, or the identity of any person who provided information that resulted in the patient's commitment.

(h) If a summary or narrative of a confidential record is requested by the patient or other person requesting release under this section, the professional shall prepare the summary or narrative.

(i) The professional or other entity that has possession or control of the record shall grant access to any portion of the record to which access is not specifically denied under this section within a reasonable time and may charge a reasonable fee.

(j) Notwithstanding Section 159.002, Occupations Code, this section applies to the release of a confidential record created or maintained by a professional, including a physician, that relates to the diagnosis, evaluation, or treatment of a mental or emotional condition or disorder, including alcoholism or drug addiction.

(k) The denial of a patient's access to any portion of a record by the professional or other entity that has possession or control of the record suspends, until the release of that portion of the record, the running of an applicable statute of limitations on a cause of action in which evidence relevant to the cause of action is in that portion of the record.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 903, § 1.12, eff. Aug. 30, 1993. Amended by Acts 2001, 77th Leg., ch. 1420, § 14.806, eff. Sept. 1, 2001.

Notes of Decisions (8)

V. T. C. A., Health & Safety Code § 611.0045, TX HEALTH & S § 611.0045
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.005

§ 611.005. Legal Remedies for Improper Disclosure or Failure to Disclose

Currentness

(a) A person aggrieved by the improper disclosure of or failure to disclose confidential communications or records in violation of this chapter may petition the district court of the county in which the person resides for appropriate relief, including injunctive relief. The person may petition a district court of Travis County if the person is not a resident of this state.

(b) In a suit contesting the denial of access under Section 611.0045, the burden of proving that the denial was proper is on the professional who denied the access.

(c) The aggrieved person also has a civil cause of action for damages.

**Credits**
Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991. Amended by Acts 1993, 73rd Leg., ch. 903, § 1.13, eff. Aug. 30, 1993.

Notes of Decisions (4)

V. T. C. A., Health & Safety Code § 611.005, TX HEALTH & S § 611.005
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.006

§ 611.006. Authorized Disclosure of Confidential Information in Judicial or Administrative Proceeding

Currentness

(a) A professional may disclose confidential information in:

(1) a judicial or administrative proceeding brought by the patient or the patient's legally authorized representative against a professional, including malpractice proceedings;

(2) a license revocation proceeding in which the patient is a complaining witness and in which disclosure is relevant to the claim or defense of a professional;

(3) a judicial or administrative proceeding in which the patient waives the patient's right in writing to the privilege of confidentiality of information or when a representative of the patient acting on the patient's behalf submits a written waiver to the confidentiality privilege;

(4) a judicial or administrative proceeding to substantiate and collect on a claim for mental or emotional health services rendered to the patient;

(5) a judicial proceeding if the judge finds that the patient, after having been informed that communications would not be privileged, has made communications to a professional in the course of a court-ordered examination relating to the patient's mental or emotional condition or disorder, except that those communications may be disclosed only with respect to issues involving the patient's mental or emotional health;

(6) a judicial proceeding affecting the parent-child relationship;

(7) any criminal proceeding, as otherwise provided by law;

(8) a judicial or administrative proceeding regarding the abuse or neglect, or the cause of abuse or neglect, of a resident of an institution, as that term is defined by Chapter 242;

(9) a judicial proceeding relating to a will if the patient's physical or mental condition is relevant to the execution of the will;

(10) an involuntary commitment proceeding for court-ordered treatment or for a probable cause hearing under:

(A) Chapter 462;

(B) Chapter 574; or

(C) Chapter 593; or

(11) a judicial or administrative proceeding where the court or agency has issued an order or subpoena.

(b) On granting an order under Subsection (a)(5), the court, in determining the extent to which disclosure of all or any part of a communication is necessary, shall impose appropriate safeguards against unauthorized disclosure.

**Credits**
Added by Acts 1995, 74th Leg., ch. 856, § 9, eff. Sept. 1, 1995.

**Editors' Notes**

### REPEAL OF (A)(6)

<Paragraph 4 of the February 25, 1998 Order of the Texas Supreme Court and par. 4 of the February 25, 1998 Order of the Court of Criminal Appeals of Texas provide in part that subsec. (a)(6) of this section is deemed to be repealed insofar as it conflicts with Vernon's Ann.Texas Rules Evid., Rule 510.>

Notes of Decisions (3)

V. T. C. A., Health & Safety Code § 611.006, TX HEALTH & S § 611.006
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**
© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.007

§ 611.007. Revocation of Consent

Currentness

(a) Except as provided by Subsection (b), a patient or a patient's legally authorized representative may revoke a disclosure consent to a professional at any time. A revocation is valid only if it is written, dated, and signed by the patient or legally authorized representative.

(b) A patient may not revoke a disclosure that is required for purposes of making payment to the professional for mental health care services provided to the patient.

(c) A patient may not maintain an action against a professional for a disclosure made by the professional in good faith reliance on an authorization if the professional did not have notice of the revocation of the consent.

**Credits**
Added by Acts 1995, 74th Leg., ch. 856, § 9, eff. Sept. 1, 1995.

V. T. C. A., Health & Safety Code § 611.007, TX HEALTH & S § 611.007
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Health and Safety Code (Refs & Annos)
    Title 7. Mental Health and Intellectual Disability
      Subtitle E. Special Provisions Relating to Mental Illness and Intellectual Disability
        Chapter 611. Mental Health Records (Refs & Annos)

V.T.C.A., Health & Safety Code § 611.008

§ 611.008. Request by Patient

Currentness

(a) On receipt of a written request from a patient to examine or copy all or part of the patient's recorded mental health care information, a professional, as promptly as required under the circumstances but not later than the 15th day after the date of receiving the request, shall:

(1) make the information available for examination during regular business hours and provide a copy to the patient, if requested; or

(2) inform the patient if the information does not exist or cannot be found.

(b) Unless provided for by other state law, the professional may charge a reasonable fee for retrieving or copying mental health care information and is not required to permit examination or copying until the fee is paid unless there is a medical emergency.

(c) A professional may not charge a fee for copying mental health care information under Subsection (b) to the extent the fee is prohibited under Subchapter M, Chapter 161. [1]

**Credits**
Added by Acts 1995, 74th Leg., ch. 856, § 9, eff. Sept. 1, 1995.

**Footnotes**

1  V.T.C.A., Health & Safety Code § 161.201 et seq.

V. T. C. A., Health & Safety Code § 611.008, TX HEALTH & S § 611.008
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Rules Annotated
  Texas Rules of Evidence (Refs & Annos)
    Article V. Privileges (Refs & Annos)

TX Rules of Evidence, Rule 510

Rule 510. Mental Health Information Privilege in Civil Cases

Currentness

**(a) Definitions.** In this rule:

  **(1)** A "professional" is a person:

    **(A)** authorized to practice medicine in any state or nation;

    **(B)** licensed or certified by the State of Texas in the diagnosis, evaluation, or treatment of any mental or emotional disorder;

    **(C)** involved in the treatment or examination of drug abusers; or

    **(D)** who the patient reasonably believes to be a professional under this rule.

  **(2)** A "patient" is a person who:

    **(A)** consults or is interviewed by a professional for diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, including alcoholism and drug addiction; or

    **(B)** is being treated voluntarily or being examined for admission to voluntary treatment for drug abuse.

  **(3)** A "patient's representative" is:

    **(A)** any person who has the patient's written consent;

    **(B)** the parent of a minor patient;

    **(C)** the guardian of a patient who has been adjudicated incompetent to manage personal affairs; or

personal representative of a deceased patient.

**(4)** A communication is "confidential" if not intended to be disclosed to third persons other than those:

**(A)** present to further the patient's interest in the diagnosis, examination, evaluation, or treatment;

**(B)** reasonably necessary to transmit the communication; or

**(C)** participating in the diagnosis, examination, evaluation, or treatment under the professional's direction, including members of the patient's family.

**(b) General Rule; Disclosure.**

**(1)** In a civil case, a patient has a privilege to refuse to disclose and to prevent any other person from disclosing:

**(A)** a confidential communication between the patient and a professional; and

**(B)** a record of the patient's identity, diagnosis, evaluation, or treatment that is created or maintained by a professional.

**(2)** In a civil case, any person--other than a patient's representative acting on the patient's behalf--who receives information privileged under this rule may disclose the information only to the extent consistent with the purposes for which it was obtained.

**(c) Who May Claim.** The privilege may be claimed by:

**(1)** the patient; or

**(2)** the patient's representative on the patient's behalf.

The professional may claim the privilege on the patient's behalf--and is presumed to have authority to do so.

**(d) Exceptions.** This privilege does not apply:

**(1)** *Proceeding Against Professional.* If the communication or record is relevant to a claim or defense in:

**(A)** a proceeding the patient brings against a professional; or

**(B)** a license revocation proceeding in which the patient is a complaining witness.

**(2)** *Written Waiver.* If the patient or a person authorized to act on the patient's behalf waives the privilege in writing.

**(3)** *Action to Collect.* In an action to collect a claim for mental or emotional health services rendered to the patient.

**(4)** *Communication Made in Court-Ordered Examination.* To a communication the patient made to a professional during a court-ordered examination relating to the patient's mental or emotional condition or disorder if:

**(A)** the patient made the communication after being informed that it would not be privileged;

**(B)** the communication is offered to prove an issue involving the patient's mental or emotional health; and

**(C)** the court imposes appropriate safeguards against unauthorized disclosure.

**(5)** *Party Relies on Patient's Condition.* If any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.

**(6)** *Abuse or Neglect of "Institution" Resident.* In a proceeding regarding the abuse or neglect, or the cause of any abuse or neglect, of a resident of an "institution" as defined in Tex. Health & Safety Code § 242.002.

**Credits**

Eff. March 1, 1998. Amended by orders of Supreme Court March 10, 2015 and Court of Criminal Appeals March 12, 2015, eff. April 1, 2015. Amended by Supreme Court order of June 14, 2016, eff. June 14, 2016.

**Editors' Notes**

**NOTES AND COMMENTS**

**Comment to 1998 change:** This comment is intended to inform the construction and application of this rule. This rule governs disclosures of patient-professional communications only in judicial or administrative proceedings. Whether a professional may or must disclose such communications in other circumstances is governed by TEX.HEALTH & SAFETY CODE ANN. §§ 611.001-611.008. Former subparagraph (d)(6) of the Civil Evidence Rules, regarding disclosures in a suit affecting the parent-child relationship, is omitted, not because there should be no exception to the privilege in suits affecting the parent-child relationship, but because the exception in such suits is properly considered under subparagraph (d)(5), as construed in *R.K. v. Ramirez*, 887 S.W.2d 836 (Tex. 1994). In determining the proper application of an exception in such suits, the trial court must ensure that the precise need for the information is not outweighed by legitimate privacy interests protected by the privilege. Subparagraph (d) does not except from the privilege information relating to a nonparty patient who is or may be a consulting or testifying expert in the suit.

**Comment to 2015 Restyling:** The mental-health-information privilege in civil cases was enacted in Texas in 1979. Tex. Rev. Civ. Stat. art. 5561h (later codified at Tex. Health & Safety Code § 611.001 et seq.) provided that the privilege applied even if the patient had received the professional's services before the statute's enactment. Because more than thirty years have now passed, it is no longer necessary to burden the text of the rule with a statement

regarding the privilege's retroactive application. But deleting this statement from the rule's text is not intended as a substantive change in the law.

Tex. Health & Safety Code ch. 611 addresses confidentiality rules for communications between a patient and a mental-health professional and for the professional's treatment records. Many of these provisions apply in contexts other than court proceedings. Reconciling the provisions of Rule 510 with the parts of chapter 611 that address a mental-health-information privilege applicable to court proceedings is beyond the scope of the restyling project.

Notes of Decisions (93)

**O'CONNOR'S NOTES**
**Caution:** TRE 510 is affected by Fam. Code §261.101.

**O'CONNOR'S CROSS REFERENCES**
See also *O'Connor's Texas Rules,* "Asserting privileges," ch. 6-A, §18.2; *O'Connor's Texas Rules,* "Scope of Discovery," ch. 6-B, §1 et seq.; *O'Connor's Texas Rules,* "Medical Records," ch. 6-J, §1 et seq.; Brown & Rondon, *Texas Rules of Evidence Handbook,* Rule 510; *O'Connor's Texas Forms,* FORM 5E:1.

See also CCP art. 38.101.

**O'CONNOR'S ANNOTATIONS**
*In re Richardson Motorsports, Ltd.,* 690 S.W.3d 42, 50 (Tex.2024). See annotation under TRE 509.

*R.K. v. Ramirez,* 887 S.W.2d 836, 843 (Tex.1994). "As a general rule, a mental condition will be a 'part' of a claim or defense if the pleadings indicate that the jury must make a factual determination concerning the condition itself."

*Groves v. Gabriel,* 874 S.W.2d 660, 661 (Tex.1994). "Because [P] alleges severe emotional damages, including 'post-traumatic stress disorder,' [she] waived the privilege as to any medical records relevant to her claim for emotional damages." *See also Ginsberg v. Fifth Ct. of Appeals,* 686 S.W.2d 105, 107 (Tex.1985).

*Garza v. Garza,* 217 S.W.3d 538, 555 (Tex.App.--San Antonio 2006, no pet.). Mother's medical records were not privileged because mother's "medical condition relating to her personality and bipolar disorders was relevant to the issue of whether appointing her [SMC] was in her children's best interests. Both parties' medical and mental conditions were relevant to the jury's determination of which party should be named as the conservator."

*In re Arriola,* 159 S.W.3d 670, 675-76 (Tex.App.--Corpus Christi 2004, orig. proceeding). See annotation under TRE 509.

Rules of Evid., Rule 510, TX R EVID Rule 510
Current with amendments received through April 1, 2025. Some rules may be more current, see credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 402. Operation and Administration of Workers' Compensation System (Refs & Annos)
          Subchapter A. General Administration of System; Workers' Compensation Division

V.T.C.A., Labor Code § 402.001

§ 402.001. Administration of System: Texas Department of Insurance; Workers' Compensation Division

Currentness

(a) Except as provided by Section 402.002, the Texas Department of Insurance is the state agency designated to oversee the workers' compensation system of this state.

(b) The division of workers' compensation is established as a division within the Texas Department of Insurance to administer and operate the workers' compensation system of this state as provided by this title.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 980, § 1.02, eff. Sept. 1, 1995; Acts 2005, 79th Leg., ch. 265, § 1.003, eff. Sept. 1, 2005.

Notes of Decisions (8)

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-2.01(b)-(d).

**O'CONNOR'S ANNOTATIONS**
***Stone v. DWC***, No. 13-17-00620-CV, 2018 WL 1959784 (Tex.App.--Corpus Christi 2018, pet. denied) (memo op.; 4-26-18). Claimant "points to nothing in the Labor Code, or any other statute or constitutional provision for that matter, showing that sovereign immunity has been waived for claims made directly against the [DWC] by a worker's compensation claimant, and we find none. Additionally, at least two sister courts have held that the [DWC] is immune from suit."

V. T. C. A., Labor Code § 402.001, TX LABOR § 402.001
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.



W      AW   © 2025 Thomson Reuters. No claim to original U.S. Government Works.      1

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 402. Operation and Administration of Workers' Compensation System (Refs & Annos)
          Subchapter A. General Administration of System; Workers' Compensation Division

V.T.C.A., Labor Code § 402.00114

§ 402.00114. Duties of Division; Single Point of Contact

Currentness

(a) In addition to other duties required under this title, the division shall:

  (1) regulate and administer the business of workers' compensation in this state; and

  (2) ensure that this title and other laws regarding workers' compensation are executed.

(b) To the extent determined feasible by the commissioner, the division shall establish a single point of contact for injured employees receiving services from the division.

**Credits**
Added by Acts 2005, 79th Leg., ch. 265, § 1.004, eff. Sept. 1, 2005.

Notes of Decisions (1)

V. T. C. A., Labor Code § 402.00114, TX LABOR § 402.00114
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**               © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB N

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter A. General Provisions (Refs & Annos)

V.T.C.A., Labor Code § 410.002

§ 410.002. Law Governing Liability Proceedings

Currentness

A proceeding before the division to determine the liability of an insurance carrier for compensation for an injury or death under this subtitle is governed by this chapter.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2005, 79th Leg., ch. 265, § 3.150, eff. Sept. 1, 2005.

Notes of Decisions (17)

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.01(b).

V. T. C. A., Labor Code § 410.002, TX LABOR § 410.002
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter A. General Provisions (Refs & Annos)

V.T.C.A., Labor Code § 410.003

§ 410.003. Application of Administrative Procedure and Texas Register Act

Currentness

Except as otherwise provided by this chapter, Chapter 2001, Government Code does not apply to a proceeding under this chapter.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 76, § 5.95(49), eff. Sept. 1, 1995.

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.01(a).

V. T. C. A., Labor Code § 410.003, TX LABOR § 410.003
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB P

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter D. Contested Case Hearing (Refs & Annos)

V.T.C.A., Labor Code § 410.157

§ 410.157. Rules

Currentness

The commissioner shall adopt rules governing procedures under which contested case hearings are conducted.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2005, 79th Leg., ch. 265, § 3.185, eff. Sept. 1, 2005.

Notes of Decisions (9)

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.31(d).

**O'CONNOR'S CROSS REFERENCES**
See also 28 Tex. Admin. Code ch. 142.

V. T. C. A., Labor Code § 410.157, TX LABOR § 410.157
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB Q

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter D. Contested Case Hearing (Refs & Annos)

V.T.C.A., Labor Code § 410.158

§ 410.158. Discovery

Currentness

(a) Except as provided by Section 410.162, discovery is limited to:

  (1) depositions on written questions to any health care provider;

  (2) depositions of other witnesses as permitted by the administrative law judge for good cause shown; and

  (3) interrogatories as prescribed by the commissioner.

(b) Discovery under Subsection (a) may not seek information that may readily be derived from documentary evidence described in Section 410.160. Answers to discovery under Subsection (a) need not duplicate information that may readily be derived from documentary evidence described in Section 410.160.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2005, 79th Leg., ch. 265, § 3.186, eff. Sept. 1, 2005; Acts 2017, 85th Leg., ch. 839 (H.B. 2111), § 5, eff. Sept. 1, 2017.

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.33(a), (c).

**O'CONNOR'S CROSS REFERENCES**
See also 28 Tex. Admin. Code §142.13.

**O'CONNOR'S CHARTS REFERENCES**
See timetable, "Workers' Compensation Claim."

V. T. C. A., Labor Code § 410.158, TX LABOR § 410.158
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter D. Contested Case Hearing (Refs & Annos)

V.T.C.A., Labor Code § 410.162

§ 410.162. Additional Discovery

Currentness

For good cause shown, a party may obtain permission from the administrative law judge to conduct additional discovery as necessary.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2017, 85th Leg., ch. 839 (H.B. 2111), § 6, eff. Sept. 1, 2017.

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.33(f).

**O'CONNOR'S CROSS REFERENCES**
See also 28 Tex. Admin. Code §142.13(f).

V. T. C. A., Labor Code § 410.162, TX LABOR § 410.162
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

WE\_\_\_\_W © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter D. Contested Case Hearing (Refs & Annos)

V.T.C.A., Labor Code § 410.163

§ 410.163. Powers and Duties of Administrative Law Judge

Currentness

(a) At a contested case hearing the administrative law judge shall:

(1) swear witnesses;

(2) receive testimony;

(3) allow examination and cross-examination of witnesses;

(4) accept documents and other tangible evidence; and

(5) allow the presentation of evidence by affidavit.

(b) An administrative law judge shall ensure the preservation of the rights of the parties and the full development of facts required for the determinations to be made. An administrative law judge may permit the use of summary procedures, if appropriate, including witness statements, summaries, and similar measures to expedite the proceedings.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2017, 85th Leg., ch. 839 (H.B. 2111), § 7, eff. Sept. 1, 2017.

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.34(a), (b).

**O'CONNOR'S CROSS REFERENCES**
See Tex. Admin. Code §§ 140.4, 142.2.

V. T. Labor Code § 410.163, TX LABOR § 410.163



WE V © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter D. Contested Case Hearing (Refs & Annos)

V.T.C.A., Labor Code § 410.165

§ 410.165. Evidence

Currentness

(a) The administrative law judge is the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence. Conformity to legal rules of evidence is not necessary.

(b) An administrative law judge may accept a written statement signed by a witness and shall accept all written reports signed by a health care provider.

**Credits**

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2017, 85th Leg., ch. 839 (H.B. 2111), § 9, eff. Sept. 1, 2017.

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.34(e).

**O'CONNOR'S CROSS REFERENCES**
See also 28 Tex. Admin. Code §142.2.

**O'CONNOR'S ANNOTATIONS**
*Texas Workers' Comp. Ins. Fund v. TWCC*, 124 S.W.3d 813, 823 (Tex.App.--Austin 2003, pet. denied). "[A]n appeals panel has the authority to perform a factual-sufficiency review."

V. T. C. A., Labor Code § 410.165, TX LABOR § 410.165
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

TAB U

Vernon's Texas Statutes and Codes Annotated
  Labor Code (Refs & Annos)
    Title 5. Workers' Compensation (Refs & Annos)
      Subtitle A. Texas Workers' Compensation Act (Refs & Annos)
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter F. Judicial Review--General Provisions

V.T.C.A., Labor Code § 410.251

§ 410.251. Exhaustion of Remedies

Currentness

A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter and Subchapter G, [1] if applicable.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

Notes of Decisions (176)

**O'CONNOR'S NOTES**
**Source:** TRCS art. 8308-6.61(a).

**O'CONNOR'S ANNOTATIONS**
*American Motorists Ins. v. Fodge*, 63 S.W.3d 801, 802 (Tex.2001). "The important issue in this case is whether a compensation claimant can prosecute a lawsuit against a carrier to recover benefits and damages resulting from a denial of benefits without a prior determination by the [TWCC, now DWC,] that benefits are due her. We hold that she cannot do so, and that her claims must be dismissed or abated, as appropriate. We also hold, however, that she can prosecute her claim that payment of benefits awarded by the [TWCC] was improperly delayed." *See also AMS Constr. Co. v. K.H.K. Scaffolding Houston, Inc.*, 357 S.W.3d 30, 38-39 (Tex.App.--Houston [1st Dist.] 2011, pet. dism'd); *In re Texas Mut. Ins.*, 321 S.W.3d 655, 661-62 (Tex.App.--Houston [14th Dist.] 2010, orig. proceeding); *Pickett v. Texas Mut. Ins.*, 239 S.W.3d 826, 836 (Tex.App.--Austin 2007, no pet.).

*Continental Cas. Ins. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 398 (Tex.2000). "[T]he requirement that a party be aggrieved by a final decision of the appeals panel [applies] to both [Lab. Code subchs. F and G], and therefore to both [Lab. Code] §§410.255 and 410.301." *See also Haddix v. American Zurich Ins.*, 253 S.W.3d 339, 348-49 (Tex.App.--Eastland 2008, no pet.); *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 712 (Tex.App.--Austin 2003, pet. denied).

*In re Prentis*, __ S.W.3d __, 2024 WL 3862953 (Tex.App.--Houston [1st Dist.] 2024, orig. proceeding) (No. 01-23-00616-CV; 8-20-24). "[EE] contends that his suit for negligence is proper because whether he was injured in the course and scope of employment is a 'hotly contested' issue that the trial court must first consider. [¶] To the contrary, if a party is dissatisfied with the outcome of the [TWCA's] administrative process, that aggrieved party may seek judicial review of the agency's decision. Nowhere in the [TWCA] is there an exception allowing [EE] to circumvent this administrative process, nor can the trial court exercise jurisdiction to consider a matter within the exclusive jurisdiction of the [DWC]. A party may not seek judicial review

under the [TWCA] without first exhausting his administrative remedies. [¶] [EE's] argument that he vehemently disputes whether the accident occurred while he was in the course and scope of his employment has no impact on the [DWC's] exclusive jurisdiction. Indeed, it is the [DWC's] task to discern whether a plaintiff's injuries were sustained in the course and scope of employment."

*American Cas. Co. v. Bushman*, 480 S.W.3d 667, 671 (Tex.App.--San Antonio 2015, no pet.). "'A party's failure to exhaust the administrative remedies provided under Texas's workers' compensation scheme deprives the trial court of jurisdiction over that party's request for judicial review.' Filing an untimely appeal with the [DWC] appeals panel constitutes a failure to exhaust administrative remedies." *See also Combined Specialty Ins. v. Deese*, 266 S.W.3d 653, 658 (Tex.App.--Dallas 2008, no pet.); *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 712 (Tex.App.--Austin 2003, pet. denied). *But see Cervantes v. Tyson Foods, Inc.*, 130 S.W.3d 152, 156-58 (Tex.App.--El Paso 2003, pet. denied) (timeliness of appeal is not part of exhaustion requirement).

## Footnotes

1      V.T.C.A., Labor Code § 410.301 et seq.

V. T. C. A., Labor Code § 410.251, TX LABOR § 410.251
Current through legislation effective May 21, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**      © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**TAC RULE**   HISTORICAL   TEXAS REGISTER   VIEW PDF

| | |
|---|---|
| **Title 28** | INSURANCE |
| **Part 2** | TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION |
| **Chapter 141** | DISPUTE RESOLUTION--BENEFIT REVIEW CONFERENCE |
| **Rule §141.4** | Sending and Exchanging Pertinent Information |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 05/12/2025 |

TAB W

(a) As used in this chapter "pertinent information" means all information relevant to the resolution of the disputed issue or issues to be addressed at the benefit review conference, including but not limited to:

    (1) reports regarding the compensable injury;

    (2) the injured employee's wage records; and

    (3) the injured employee's medical records.

(b) Examples of "pertinent information" are listed on the division's website.

(c) All pertinent information, as described in subsections (a) and (b) of this section, not previously exchanged, in the possession of the party requesting a benefit review conference must be sent to the opposing party or parties before the time the request for a benefit review conference is sent to the division.

(d) The opposing party must send all pertinent information in its possession, not previously exchanged, to the requesting party and other parties within 10 working days after receiving a copy of the request for a benefit review conference.

(e) Not later than 14 days before the benefit review conference, or not later than five days before an expedited conference set under §141.1(d)(2) of this title (relating to Requesting and Setting a Benefit Review Conference):

    (1) all pertinent information in the parties' possession not previously sent to the division shall be sent to the division; and

    (2) all pertinent information in the parties' possession not previously exchanged must be sent to the other parties.

(f) Additional pertinent information that becomes available thereafter shall be brought to the conference in sufficient copies for the division and opposing party or parties.

(g) The benefit review officer may schedule a second conference upon a determination that pertinent information necessary to resolve the dispute has not been submitted or exchanged.

**Source Note:** The provisions of this §141.4 adopted to be effective June 7, 1991, 16 TexReg 2876; amended

**TAC RULE**    HISTORICAL    TEXAS REGISTER    VIEW PDF

| | |
|---|---|
| **Title 28** | INSURANCE |
| **Part 2** | TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION |
| **Chapter 142** | DISPUTE RESOLUTION--BENEFIT CONTESTED CASE HEARING |
| **Rule §142.1** | Application of the Administrative Procedure Act |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 05/12/2025 |

The following sections of the Government Code, apply to benefit contested case hearings:

**Source Note:** The provisions of this §142.1 adopted to be effective February 12, 1991, 16 TexReg 463;

TAB X

| TAC RULE | HISTORICAL | TEXAS REGISTER | VIEW PDF |

| | |
|---|---|
| **Title 28** | INSURANCE |
| **Part 2** | TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION |
| **Chapter 142** | DISPUTE RESOLUTION--BENEFIT CONTESTED CASE HEARING |
| **Rule §142.2** | Authority of the Administrative Law Judge |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 05/12/2025 |

The administrative law judge is authorized to:

(1) issue subpoenas;

(2) rule on requests;

(3) issue orders, including interlocutory orders;

(4) use summary procedures as provided by §142.8 of this chapter (relating to Summary Procedures);

(5) direct parties to appear at a prehearing conference to resolve evidentiary and procedural issues;

(6) establish time limits for conducting a hearing;

(7) administer oaths;

(8) rule on the admissibility of evidence;

(9) determine the relevancy, materiality, weight, and credibility of evidence;

(10) request additional evidence;

(11) take official notice of the law of Texas and other jurisdictions, Texas city and county ordinances, the contents of the *Texas Register,* the rule of state agencies, facts that are judicially cognizable, and generally recognized facts within the division's specialized knowledge;

**Sour⬚⬚te:** The provisions of this §142.2 adopted to be effective February 12, 1991, 16 TexReg 463;

TAB Y

TAC RULE    HISTORICAL    TEXAS REGISTER    VIEW PDF

| | |
|---|---|
| **Title 28** | INSURANCE |
| **Part 2** | TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION |
| **Chapter 142** | DISPUTE RESOLUTION--BENEFIT CONTESTED CASE HEARING |
| **Rule §142.12** | Subpoena |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 05/12/2025 |

TAB Z

(a) Definitions. The following words and terms, as used in this chapter, shall have the following meanings, unless the context clearly indicates otherwise:

(1) Evidence - Testimony or documents, including books, papers, and tangible things.

(2) Service - Delivery of a subpoena by an authorized individual to the person to whom it is addressed.

(3) Subpoena - A division order issued by the administrative law judge requiring a person to attend or to produce evidence at a deposition (deposition subpoena) or at a hearing (hearing subpoena).

(b) How issued. The division may issue a subpoena:

(1) on its own motion; or

(2) at the request of a party, if the administrative law judge determines the party has a good cause.

(c) Request for subpoena. A party may request a subpoena in the following manner:

(1) If the requester is a carrier, carrier representative, claimant represented by an attorney, or claimant assisted by OIEC, the request shall:

(A) be in writing;

(B) identify the evidence to be produced, and explain why it is relevant to a disputed issue;

(C) state whether the subpoena is for a deposition or a hearing;

(D) be sent to the division; and

(E) be delivered to all parties, as provided by §142.4 of this chapter (relating to Delivery of Copies to All Parties).

(2) A claimant who is neither represented by an attorney nor assisted by OIEC may request a subpoena by contacting the division in any manner, and may also request the division to arrange for service, if service will be at no cost to the division.

(d) Special provisions for hearing subpoenas. A request for a hearing subpoena shall be sent to the division and delivered to the parties, as provided by §142.4 of this chapter (relating to Delivery of Copies to All Parties), no later than 10 days before the hearing. The administrative

law judge may deny a request for a hearing subpoena upon a determination that the testimony may be adequately obtained by deposition or written affidavit.

(e) Service. Upon granting a request and issuing a subpoena, the administrative law judge shall:

(1) return it to the requester for service, according to §176.5, Texas Rules of Civil Procedure; or

(2) send it to the appropriate sheriff or constable, or any person who is not a party and is 18 years of age or older for service, if a claimant who is neither represented by an attorney nor assisted by OIEC has requested the division to arrange for service, as provided by subsection (c)(2) of this section

**Source Note:** The provisions of this §142.12 adopted to be effective February 12, 1991, 16 TexReg 463;

**TAC RULE**     HISTORICAL     TEXAS REGISTER     VIEW PDF

| | |
|---|---|
| **Title 28** | INSURANCE |
| **Part 2** | TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION |
| **Chapter 142** | DISPUTE RESOLUTION--BENEFIT CONTESTED CASE HEARING |
| **Rule §142.13** | Discovery |
| **Previous Rule** | View Rule |
| **Next Rule** | View Rule |
| **Chapter Review Date** | 05/12/2025 |

TAB AA

(a) Description of discovery. As used in this chapter, discovery is the process by which a party may, before the hearing, obtain evidence relating to the disputed issue or issues from the other parties and witnesses. If the evidence is not produced voluntarily, the party may request a subpoena, as provided in §142.12 of this title (relating to Subpoena). Discovery includes:

(1) parties' exchange of documentary evidence;

(2) interrogatories, as prescribed by §142.19 of this title (relating to Interrogatories); and

(3) witness depositions, as follows:

(A) a health care provider may be deposed only on written questions; and

(B) other witnesses may be deposed within their county of residence or employment, orally or on written questions, if the administrative law judge determines the party has good cause to request such testimony.

(b) Sequence of discovery. Parties shall exchange documentary evidence in their possession not previously exchanged, as described in subsection (c) of this section, before requesting additional discovery by interrogatory, as described in subsection (d) of this section, or deposition, as described in subsection (e) of this section. Additional discovery shall be limited to evidence not exchanged, or not readily derived from evidence exchanged.

(c) Parties' exchange of documentary evidence.

(1) Except as provided in subsection (g) of this section, no later than 15 days after the benefit review conference, parties shall exchange with one another the following information:

(A) all medical reports and reports of expert witnesses who will testify at the hearing;

(B) all medical records;

(C) any witness statements;

(D) the identity and location of any witness known to have knowledge of relevant facts; and

(E) all photographs or other documents which a party intends to offer into evidence at the hearing.

(2) Thereafter, parties shall exchange additional documentary evidence as it becomes available.

(3) Parties shall bring all documentary evidence not previously exchanged to the hearing in sufficient copies for exchange. The administrative law judge shall make a determination whether good cause exists for a party not having previously exchanged such information or documents to introduce such evidence at the hearing.

(d) Interrogatories.

(1) Interrogatories, as prescribed by §142.19 of this title (concerning Interrogatories), may be used by all parties, including subclaimants, to obtain information from any other party.

(2) Except as provided in subsection (g) of this section, interrogatories must be presented no later than 25 days before the hearing, unless otherwise agreed.

(3) Answers to interrogatories must be exchanged no later than 10 days after receipt of the interrogatories.

(4) Answers to interrogatories must be made under oath.

(e) Witness deposition. A party wishing to depose a witness shall request permission for deposition from the administrative law judge. The request shall:

(1) be made in writing;

**Source Note:** The provisions of this §142.13 adopted to be effective February 12, 1991, 16 TexReg 463; amended to be effective February 18, 1992, 17 TexReg 949; amended to be effective January 7, 2019, 44

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Hope Furlow on behalf of Lisa Teachey
Bar No. 24056416
hfurlow@dgplawfirm.com
Envelope ID: 102267161
Filing Code Description: Other Document
Filing Description: AMENDED PETITION FOR WRIT OF MANDAMUS
Status as of 6/20/2025 6:31 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 6/20/2025 6:06:36 PM | SENT |
| Laverne Chang | 783819 | chang@cardwellchang.com | 6/20/2025 6:06:36 PM | SENT |
| James Brazell | 2930100 | james.brazell@oag.texas.gov | 6/20/2025 6:06:36 PM | SENT |
| Sherlyn Harper | 24093176 | sherlyn.harper@oag.texas.gov | 6/20/2025 6:06:36 PM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 6/20/2025 6:06:36 PM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 6/20/2025 6:06:36 PM | SENT |
| Pablo Franco | 24121625 | serv.pablo@mf-txlaw.com | 6/20/2025 6:06:36 PM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 6/20/2025 6:06:36 PM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 6/20/2025 6:06:36 PM | SENT |
| Jackie Struss | | jackie_struss@justex.net | 6/20/2025 6:06:36 PM | ERROR |
| Joshua DavidHeiliger, et al. | | serv.russell@mf-txlaw.com | 6/20/2025 6:06:36 PM | SENT |
| Andrew Bruce | 24113627 | serv.andrew@mf-txlaw.com | 6/20/2025 6:06:36 PM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 6/20/2025 6:06:36 PM | SENT |